IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| | ) | |
| | ) | JUDGE HOLMES |
| | ) | |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

### RESPONSE OF THE UNITED STATES
### TO DEFENDANT'S SUPPLMENTAL SUBMISSION

COMES NOW the United States of America, by and through the Acting United States Attorney Robert E. McGuire, and attorneys Jacob Warren, Chris Eason, and Jeremy Franker of the Department of Justice and makes the following Response to the Defendant's Supplemental Submission. (DE # 60.)

On June 25, 2025, the parties went before this Court to discuss conditions of release of the Defendant pursuant to this Court's Memorandum Opinion (DE # 43). At the hearing, the Court reviewed the Court's orders regarding conditions of the Defendant's release, and, at the conclusion of the hearing, the Defendant raised additional issues. The Court ultimately ordered truncated briefing on an expedited schedule concerning the issues raised by the Defendant at the conclusion of the June 25, 2025, hearing. (DE # 57.)

As the Government understood the issues, the Court desired briefing in two areas. First, the Court had interest in the level of coordination between the Department of Justice (DOJ) and the Department of Homeland Security (DHS) to deliver the defendant to court appearances in this case. Second, defense counsel requested at the hearing that the Court order DHS to house the Defendant in particular locations which were either convenient to them (i.e. New York) or were within the Middle District of Tennessee.

First, the United States informed the Court at the hearing on June 25, 2025, that DOJ—including the Acting United States Attorney for the Middle District of Tennessee and members of the DOJ's Task Force Vulcan—would use its best efforts to coordinate with the DHS to deliver the Defendant to his appropriate court appearances in this case. Undersigned counsel still intends to do that. However, the Sixth Circuit has previously noted: "[a]s the government points out, however, nothing in the [Bail Reform Act] prevents other government agencies or state or local law enforcement from acting pursuant to their lawful duties." *United States v. Veloz-Alonso*, 910 F.3d 266, 269 (6th Cir. 2018). At the hearing, undersigned counsel[1] candidly stated that he could not tell DHS "what to do" and, despite the exhortations of defense counsel, that fact remains accurate. Each department in the government must attend to their specific duties as governed by the appropriate law attendant to those duties. At the hearing, undersigned counsel recalls that the Court seemed to agree with the accuracy of this proposition. Therefore, undersigned counsel still intends—as he described at the hearing—to use his best efforts to coordinate with DHS to deliver the defendant to his court appearances in this case but notes, as he must, that DHS will act "pursuant to their lawful duties."

Second, the United States notes that that while the defendant, through counsel, filed a motion with substantial rhetoric, the defendant has cited no authority, either statutory authority or case authority, that allows this Court, as part of the Court's release order in the criminal case, to order DHS to house the defendant, who will be in *their* custody pursuant to an immigration detainer, anywhere in particular. At the hearing on June 25, 2025, the Court questioned the Court's authority to order DHS to house the Defendant in a particular location. This was a wise assessment by the Court. Defendant's motion, while a piece of aggressive advocacy, has nothing helpful to

---

[1] At the hearing, the United States was represented by Mr. McGuire only.

offer the Court on that particular score. As noted at the hearing, DHS is not a party to the criminal case. The Court was not aware of any authority that would allow the Court to order DHS to do anything with the Defendant once the Court orders release. The Defendant has not supplied any; the Government is not aware of any. This Court has already held that, if released, the defendant: "will likely remain in U.S. Immigration and Customs Enforcement ("ICE") custody subject to anticipated removal proceedings that are outside the jurisdiction of this Court". (DE # 43.) This was an appropriate statement of the law, jurisdiction, and circumstances by this Court then and remains so now. The Court stated it intends to order the Defendant released from U.S. Marshals Custody and, should he ever be at liberty, this Court has ordered conditions of his release which the Court went over with the Defendant at the June 25th hearing. Thus, respectfully, and as this Court has already noted in a previous Order, this Court has reached the limits of the Court's jurisdiction in this matter.

To order DHS to house the Defendant in particular location would run afoul of the relevant Sixth Circuit law on this issue. The Sixth Circuit has already held that once a court has, as part of that court's jurisdiction over a given defendant's criminal case, issued an order of release of that defendant, that court may not then enjoin another agency who takes custody of that criminal defendant for other purposes about the circumstances of that custody. *Veloz-Alonso*, 910 F.3d at 270. ("For the foregoing reasons, we hold that ICE may fulfill its statutory duties under the INA to detain an illegal alien pending trial or sentencing regardless of a BRA release determination.")

In this case, DOJ, as noted above, intends to coordinate as well as possible with DHS to deliver the defendant to appropriate court appearances. Therefore, respectfully, this Court may not order DHS to house the Defendant in any specific location as part of the Court's release order.

Respectfully Submitted,

    */s/ Robert E. McGuire*
Robert E. McGuire
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203

*/s/ Jake Warren*
Jake Warren
Co-Director, Task Force Vulcan

*/s/ Chris Eason*
Chris Eason
Co-Director, Task Force Vulcan

*/s/ Jeremy Franker*
Jeremy Franker
Deputy Director, Task Force Vulcan