# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

UNITED STATES                  )

                                     )

v.                                  )         **Case No. 3:25-cr-00115-1**

                                     )

KIILMAR ARMANDO ABREGO GARCIA   )

## O R D E R

Pending before the Court is the defendant Kilmar Abrego Garcia's [Emergency] Motion to Delay Issuance of Order of Release Due to the Government's Contradictory Statements (Docket No. 63), which, for the reasons detailed below, is **GRANTED**.

As noted by the District Judge in his June 25, 2025 Memorandum Opinion, the question of whether the government has made the proper showing to trigger the statutory authority to detain Kilmar Abrego Garcia ("Abrego") pending trial is important, "as it is axiomatic that an individual has a strong interest in liberty." (Docket No. 55 at 15) (quoting *United States v. Salerno*, 481 U.S. 739, 750 (1987)). Against that backdrop, the Court considers Abrego's request to briefly remain in U.S. Marshal custody pending further proceedings before the District Judge.

The procedural history of this case is detailed in the Court's prior Memorandum Opinion (Docket No. 43 at 3-5) and is again recited here only as necessary to give context to or explanation of the instant Order. In short, Abrego was brought back to the United States from El Salvador to face the two human smuggling offenses charged in the May 21, 2025 indictment. (Docket No. 3.) The government filed a motion for Abrego's detention pending trial, which it subsequently supplemented to recite the specific bases under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, upon which the government sought detention. (Docket Nos. 8, 14.) Abrego opposed the government's request for detention. (Docket No. 29.) A hearing was held on June 13, 2025. On June 22, 2025, the Court issued a Memorandum Opinion in which the Court concluded that the

government failed to establish a properly supported basis for a detention hearing under § 3142(f). (Docket No. 43.) The government filed an immediate Motion for Revocation of Release Order under § 3145 of the Bail Reform Act and a Motion for Stay of Release Order. (Docket Nos. 45, 46).[1] Because the government's motion for a stay raised only the question of whether a detention hearing is authorized in this case, the District Judge limited the scope of the stay request to that issue. (Docket No. 55 at 7, n.2.) Ultimately, the District Judge denied the government's requested stay in a Memorandum Opinion and Order issued on June 25, 2025. (Docket Nos. 55, 56.) The District Judge scheduled an evidentiary hearing on the government's Motion for Revocation for July 16, 2025, and set prehearing briefing and other hearing procedures. (Docket No. 56 at 1.)

The Court proceeded with a hearing to review release conditions and address other issues for Abrego's release on June 25, 2025. Among the matters discussed were Abrego's anticipated remand to custody of the Department of Homeland Security ("DHS") and the ability of the Department of Justice to prevent interference with this criminal proceeding by stopping Abrego's removal from the United States. At the request of Abrego's counsel, the Court allowed the parties an opportunity for supplemental briefing on those issues.[2] Issuance of the order of release and order setting release conditions was postponed pending this briefing. (Docket No. 57.)

In a motion seeking emergency consideration, Abrego now requests that the Court delay its release order (Docket No. 63) based on purported conflicting statements by the government,

---

[1] Notwithstanding the conclusion that the government is not entitled to a detention hearing in this case, the Court also addressed, in its June 22, 2025 Memorandum Opinion, the sufficiency of the factors under § 3142(g) that it would consider in a properly convened detention hearing. The analysis of the § 3142(g) factors was reserved for the parties to raise with the District Judge as appropriate. *See* June 25, 2025 Memorandum Opinion (Crenshaw, J.) (Docket No. 55 at 7, n.2) (limiting consideration of request for a stay to § 3142(f)) and (*id.*, n.3) ("On appeal, the Court will ensure both parties are fully heard on all pertinent disputes before conducting its de novo review.")

[2] The parties filed their respective submissions as directed. (Docket Nos. 60 and 65.)

2

specifically that it intends to remove Abrego to a third country upon his return to DHS custody following release in this case and that it would ensure Abrego is not removed before trial on the instant criminal charges. Abrego asks the Court to "delay the issuance of the release order until the July 16 hearing on the government's motion for revocation" of the Court's order for his release in this case. (*Id*.) Upon the Court's direction to the government to address Abrego's emergency motion, the government responded that it has no opposition to the requested delay. (Docket Nos. 64, 66.)

A magistrate judge generally has authority to postpone enforcement of her orders pending review by a district judge. *See e.g. United States v. Johnson*, No. 3:18-CR-00292-3, 2019 WL 465452, at *6 (M.D. Tenn. Feb. 6, 2019). The power to delay proceedings in this context, which is different than when a district judge sits in review of a magistrate judge's order,[3] is "incidental to the power in every court to control the disposition of the causes on its docket with economy of time for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*.

The Court has considered the basis for the motion, which is the perceived conflicting positions taken by the government regarding whether it will deport Abrego pending final disposition of this case including the further review by the District Judge of the government's request for pretrial detention. Essentially, Abrego seeks the due process to which he is constitutionally and statutorily entitled, namely whether the government can make the necessary

---

[3] The legal standard in that situation is discussed by the District Judge in his June 25, 2025 Memorandum Opinion. (Docket No. 55 at 3.)

showing under the Bail Reform Act for his detention pending trial. The District Judge recognized the import of this determination in his June 25, 2025 Memorandum Opinion:

> While the Court agrees with the premise that Abrego will likely be detained by DHS, it departs from the Government's position that the Executive Branch's pursuit of Abrego on multiple fronts somehow renders these proceedings academic. This forgoes the basic tenets of due process and judiciary diligence underlying Article III.

(Docket No. 55 at 15.) The Court has also considered that the government, while not conceding to the stated basis for the motion, is not opposed to the limited relief requested by Abrego. (Docket No. 66.) Because the government agrees to the short delay in issuance of a release order, as requested by Abrego, the Court will postpone issuance of the release order and conditions of release to allow for the scheduled hearing on July 16, 2025 and decision by the District Judge on the government's Motion for Revocation.

Abrego shall therefore remain in the custody of the United States Marshal pending further order. He shall, to the extent practicable, be held separately from persons awaiting or serving sentences or being held in custody pending appeal and he shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the facility where Abrego remains shall deliver Abrego to the United States Marshal for purposes of an appearance in connection with a court proceeding, including specifically but without limitation, the evidentiary hearing set for July 16, 2025 in this case.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

4