UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:25-cr-00115 |
| KILMAR ARMANDO ABREGO GARCIA, | ) |
| Defendant. | ) |

# ORDER

On September 19, 2025, the parties submitted their respective Status Reports. (Doc. Nos. 123 and 124). On September 18, 2025, the Court held an in-chambers conference with the parties' attorneys of record.

Based upon the foregoing, the status conference set for September 26, 2025 is unnecessary and accordingly it is **CANCELLED**. The Government's Unopposed Motion to Convert In-Person Status Conference to Telephonic Status Conference (Doc. No. 119) is **DENIED AS MOOT.**

The status conference set for 9:00 a.m. on Monday, **November 3, 2025** will proceed as scheduled. The Defendant must be present. As such, the parties shall work together to secure Defendant's presence at the status conference. This includes the Department of Homeland Security. To facilitate Defendant's presence, the Court directs the Government's counsel to serve a copy of this Order on the Acting General Counsel of Homeland Security, Joseph N. Mazzara. To the extent the parties are concerned that Defendant's presence at the status conference is impaired because of the August 27, 2025 Order by Judge Paula Xinis in Abrego Garcia v. Noem, Case No. 3:25-cv-02780 (D. Md. Aug. 27, 2025) requiring that he be "detained within 200 miles of the Greenbelt, Maryland courthouse," (Doc. No. 119-1; see Doc. No. 119), the Court has reason

to believe that Judge Xinis may be willing to amend that order to ensure Abrego's appearance at the November 3, 2025 status conference.

Based upon Defendant's Status Report (Doc. No. 124) it appears that defense counsel have faced challenges communicating with Defendant to review discovery and to prepare for trial while in ICE custody. Specifically, defense counsel reports that they have been limited to two hour slots to meet with Defendant; prohibited from using electronic devices; and, the lack of privacy to engage in effective attorney-client communications. If true, these actions may compromise Defendant's Sixth Amendment right to effective assistance of counsel. See Moss v. United States, 323 F.3d 445, 455 (6th Cir. 2003) (presumption of prejudice to defendant where "there exists a 'complete denial of counsel' or a denial of counsel 'at a critical stage' of the defendant's trial") (quoting United States v. Cronic, 466 U.S. 648, 659 (1984)). The Defendant seeks the Court's assistance but he has not filed a motion as required by Local Criminal Rule 16.01(b). To expedite the Court's consideration of these issues, the Government shall respond to Defendant's anticipated motion no more than five (5) days after filing and Defendant may file a reply no more than two (2) days after filing.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE