# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S
MOTION TO DISMISS FOR VINDICTIVE AND
SELECTIVE PROSECUTION**

The Executive Branch cannot whitewash a vindictive and selective prosecution by running it through a prosecutor who turns a blind eye to the motivations that launched it. And this is hardly the only time the President has sought to use DOJ to get revenge: The U.S. Attorney in the Eastern District of Virginia was forced from office for not vindictively charging New York Attorney General Letitia James.[1] In our case, the Chief of the Criminal Division resigned rather than bring this vindictive prosecution himself. That Mr. McGuire professes to believe that this case is a righteous one, while claiming ignorance of its origins, is no answer to our motion. It's a dodge.

In the government's telling, this case started on April 27, 2025, when HSI Nashville presented the case to Mr. McGuire. (Dkt. 121-1 ¶ 4). That ignores weeks of retributive government conduct punishing Mr. Abrego for challenging his unlawful deportation: officials' statements that he is a "gangbanger," "monster," "predator," "terrorist," and "wife beater"; an Oval Office Abbott and Costello routine about how neither President Trump nor President Bukele nor Attorney General Bondi—Mr. McGuire's ultimate boss—had the power to return him; and the ultimate decision, made by officials senior to Mr. McGuire before the case was presented to him, to gin up an investigation and prosecution. (Dkt. 105 at 8-12). On the facts, the government's perspective is conveniently tunnel visioned. On the law, what Mr. McGuire may believe is irrelevant. Despite the government's many distractions, Mr. Abrego has presented clear, unrebutted evidence of vindictiveness warranting dismissal or, at a minimum, discovery and a hearing.

Discovery confirms that Mr. Abrego was investigated for and ultimately charged with alien smuggling solely because he contested his unlawful deportation. Since December 2022, HSI Baltimore had fruitlessly been investigating Mr. Abrego. HSI apparently never even developed

---

[1] Alan Feuer et al., *Trump Demands That Bondi Move 'Now' to Prosecute Foes*, N.Y. Times (Sept. 20, 2025), https://www.nytimes.com/2025/09/20/us/politics/trump-justice-department-us-attorneys.html.

probable cause sufficient to get a search warrant, and rather than bringing smuggling charges, the government deported Mr. Abrego for alleged immigration violations and closed its investigation on March 12. (Ex. A at 2). Indeed, investigators wrote that Mr. Abrego's removal "█████████ ███████████████████████████████████████████████████" (*Id.*).

HSI reopened its investigation on April 17. (Ex. B at 5). Only one thing had changed between March 12 and April 17: Mr. Abrego had sued the government, and on April 17, the government had exhausted its appeals of the orders requiring it to "facilitate" his return. *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025). Meanwhile, officials at the highest levels of the federal government were resolutely unwilling to follow the Supreme Court's order. (Dkt. 105 at 9). So by the time this investigation reached Mr. McGuire's desk ten days later, it was already nothing more than an effort to seek vengeance and save face—and Mr. McGuire apparently accepted it without contest or complaint.[2] (Dkt. 121-1 ¶ 4).

## I.        This Is a Vindictive Prosecution Regardless of Mr. McGuire's Personal Animus

Whatever animus Mr. McGuire does or does not personally hold toward Mr. Abrego does not control whether Mr. Abrego has been vindictively prosecuted. As Mr. Abrego explained in his motion, the investigation and prosecution of this case has been directed by the highest levels of the DOJ and DHS. It was Attorney General Bondi, not Mr. McGuire, who announced the charges the day Mr. Abrego arrived in this district less than two months after she claimed that she had no power to return Mr. Abrego to the United States. (Dkt. 105 at 9, 12). And it was Deputy Attorney

---

[2] The government is silent about one key official who appears to have seen things differently: Ben Schrader, former Chief of the Criminal Division, who spent a decade in the same U.S. Attorney's Office. Mr. Schrader attended a proffer of a cooperator on May 7 and—instead of participating in this case as Mr. McGuire has—resigned on May 21, the day Mr. Abrego was indicted, reportedly due to "concerns that the case was being pursued for political reasons." Katherine Faulders et al., *Kilmar Abrego Garcia Brought Back to US, Appears in Court on Charges of Smuggling Migrants*, ABC News (June 6, 2025), https://abcnews.go.com/US/mistakenly-deported-kilmar-abrego-garcia-back-us-face/story?id=121333122.

General Todd Blanche who admitted on television that the government began investigating Mr. Abrego only after a judge "accus[ed] us of doing something wrong."[3] (*Id.* at 13). When officials at the highest levels of government seek retribution, the government cannot insulate itself from a claim of vindictiveness by erecting a bulwark of feigned ignorance around a single prosecutor.[4]

Nor does the law require that result. At bottom, the government argues that a showing of actual vindictiveness or a reasonable likelihood thereof must be based on the motivations of the "*actual* prosecutor" bringing the charges. (Dkt. 121 at 5, 9). This is not the law, for two reasons.

*First*, as the government recognizes, a defendant can show actual vindictiveness where the prosecutor "was prevailed upon to bring the charges by another with animus." *United States v. Koh*, 199 F.3d 632, 640 (2d Cir. 1999); *see United States v. Mansoor*, 77 F.3d 1031, 1035 (7th Cir. 1996) (defendant must show that "the ill will, whoever its bearer, actually motivated the prosecution" and the bearer "in some way prevailed upon the prosecutor in making the decision to seek an indictment").[5] The government does not deny that DHS and DOJ officials harbored ill will toward Mr. Abrego, instead claiming that "[t]here is nothing before the Court to establish that such ill will actually motivated the prosecution team to bring the charges." (Dkt. 121 at 7). But the government also does not, and cannot, deny that the very same high-ranking officials—even the White House—originated and have remained involved in supervising the case. And even if the government could construct a belated "public safety" rationale for this case (*id.* at 6)—which

---

[3] Mr. McGuire has informed the defense, but tellingly omitted from his affidavit, that the Deputy Attorney General's office has closely supervised the parties' plea discussions.

[4] Nor can the government hide behind the "presumption of regularity," on which it heavily relies. (Dkt. 121 at 1-2). As Judge Xinis recognized in Mr. Abrego's civil case, DOJ and DHS officials "from day one…have taken the presumption of regularity and…destroyed it." July 11, 2025 Hr'g Tr. 11:8-10, *Abrego Garcia v. Noem*, No. 25-cv-951 (D. Md. July 14, 2025), Dkt. 235.

[5] The government contends that, in the Sixth Circuit, "only [the] motivations of the specific prosecutor bringing the charges matter[] in evaluating an 'actual vindictiveness' claim," but cites no case in support of that assertion, and the defense finds none. (Dkt. 121 at 8).

3

strains credulity given that Mr. Abrego was imprisoned abroad indefinitely at the time—it would still be true that this investigation was first reopened to "punish [Mr. Abrego] for standing on his legal rights." *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013). Indeed, had he not sued, the government would never have charged him: as of March 12, HSI did not have enough to refer this case for prosecution and was content to deport him. (*See* Ex. A at 2).

*Second*, the government's blindered view that Mr. Abrego cannot demonstrate a realistic likelihood of vindictiveness asks the Court to ignore Sixth Circuit precedent. (Dkt. 121 at 9). In *United States v. Adams*, 870 F.2d 1140 (6th Cir. 1989), the Sixth Circuit held that the defendant established a realistic likelihood that she had been vindictively prosecuted for tax fraud, even though her "discrimination suit was brought against the EEOC and not against the IRS or the Department of Justice," because "if the EEOC was able to prevail upon the Department of Justice to institute a prosecution that would not have been undertaken but for Ms. Adams' exercise of her statutory right to sue, it does not seem to us that EEOC's motivation is irrelevant." *Id.* at 1145-46. *Adams*, a published opinion that is binding on this Court, demonstrates that the government's stake in prosecuting a case need not be based solely on the personal stake of the prosecutors "*actually* prosecuting the case," (Dkt. 121 at 9), but can, as here, be based on the ill will of other DOJ and DHS officials—who, here, have shown manifest vindictiveness toward Mr. Abrego.[6]

---

[6] The cases the government does cite warrant no different conclusion. (*See* Dkt. 121 at 9-16). In *Bragan v. Poindexter*, 249 F.3d 476 (6th Cir. 2001), there was no claim that anyone prevailed upon prosecutors in bringing charges. While prosecutors' "significant and very personal stake" in deterring the exercise of rights was sufficient in *Bragan*, the case does not foreclose a "stake" analysis based on the broader interests of DOJ and DHS. *See id.* at 484; *cf. id.* at 482 (the Supreme Court has "referred to actions by 'the State,' rather than 'the prosecutor'" in vindictiveness cases). Likewise, the vindictiveness claim in *United States v. Simpson*, 226 F. App'x 556 (6th Cir. 2007), was based on a conflict that was "personal and peculiar" to the specific prosecutor, and the Sixth Circuit held that the decision to prosecute was "not tainted by that motive because all decisions actually relating to [the defendant's] prosecution were made by [other] individuals." *Id.* at 561. That unpublished opinion stands, at most, for the proposition some vindictive official must have been involved in the decision to prosecute—a showing Mr. Abrego has made here.

To be sure, neither we nor the government have found a case in which the most senior officials in the White House, DOJ, and DHS banded together to use the law enforcement power to punish a man who prevailed in civil litigation. But that does not mean that this prosecution is not vindictive. It just means that its vindictiveness is unprecedented.

## II.     The Government Ignores Binding Circuit Law Requiring Discovery and a Hearing

The government does not even attempt to respond to the defense's request for, nor grapple with binding Circuit law requiring, discovery and a hearing. The government cites the seminal Circuit case on this issue, *Adams*, only once, and for a proposition unrelated to its holding that discovery and a hearing are required in circumstances like this one; it never even mentions *United States v. Zakhari*, 85 F.4th 367 (6th Cir. 2023), the Circuit's most recent pronouncement on this issue. The government's failure to address these cases is revealing. They hold that where the defendant shows a reasonable likelihood of vindictiveness, the "government must rebut it with objective, on-the-record explanations such as the governmental discovery of previously unknown evidence or previous legal impossibility." *Id.* at 379 (cleaned up). Failing that, the defendant is entitled to discovery and a hearing to "test" the government's reasons for the prosecution. *Id.* at 383; *see also Adams*, 870 F.2d at 1146. Mr. McGuire's untested, uncorroborated, and self-serving assertions fail to rebut Mr. Abrego's showing of a reasonable likelihood of vindictiveness; Mr. McGuire's affidavit is no different than "unsupported assertions" of the government that the Sixth Circuit has found insufficient to rebut the presumption of vindictiveness. *Zakhari*, 85 F.4th at 383 ("By relying on unsupported assertions without permitting [the defendant] to test them, the court abused its discretion."); *see also LaDeau*, 734 F.3d at 572 ("We are not persuaded that the subjective rationales offered by the government in its affidavit are sufficiently 'objective' explanations for the government's conduct…."). Mr. Abrego is entitled, at the very least, to discovery and a hearing to test the federal government's reasons for bringing this case.

5

## CONCLUSION

For the foregoing reasons, Mr. Abrego respectfully requests that the Court dismiss this case

or, in the alternative, order discovery and a hearing.


Dated: September 22, 2025                Respectfully submitted,
       New York, New York


    /s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker_____