# EXHIBIT J



U.S. Department of Justice

United States Attorney
Middle District of Tennessee

719 Church Street, *Suite 3300*
Nashville, Tennessee  37203-3870
Telephone (615) 736-5151
Fax (615) 401-6626

September 12, 2025

| **Rascoe S. Dean** <br> Sherrard Roe Voigt & Harbison, PLC <br> 1600 West End Avenue <br> Suite 1750 <br> Nashville, TN 37203 | **Jenna M Dabbs** <br> Hecker Fink LLP <br> 350 Fifth Avenue <br> Ste 63rd Floor <br> New York, NY 10118 |
|---|---|
| **David Patton** <br> Hecker Fink LLP <br> 350 Fifth Avenue <br> Ste 63rd Floor <br> New York, NY 1011 | **Sean Hecker** <br> Hecker Fink LLP <br> 350 Fifth Avenue <br> Ste 63rd Floor <br> New York, NY 10118 |

**Re:** Response to Defense Discovery letters in the matter of <u>US v. Kilmar Abrego Garcia</u> Case No. 3:25-cr-00115 (U.S.D.C. M.D. Tenn.)

Dear Counsel:

I am in receipt of your letters dated July 13, 2025, and August 27, 2025, and the email from Mr. Dean dated August 27, 2025, and am responding to those requests described therein. We previously made a discovery production on July 9, 2025. This week, we made two additional discovery productions on September 10th and 12th. We understand our continuing obligations to disclose discoverable material and will, of course, abide by those obligations.

Our responses to your specific requests are as follows (numbering from the July 13, 2025, letter):

1. Mr. Abrego's Prior Record:
    a. An NCIC has been run for Mr. Abrego and is located in Discovery Production 2 at Bates numbers P001030-P001035.
    b. Mr. Abrego's prior Domestic Violence arrests from 2020 can be located in Discovery Production 1 at Bates Numbers P000437-P000446 and P000447-P000448.
    c. Mr. Abrego's traffic citation from Virginia can be located in Discovery Production 1 at Bates Numbers P000520-P000529
    d. Mr. Abrego's Virginia Summons to appear for said traffic violation can be located in Discovery Production 1 at Bates Numbers P000530-P000531
2. Mr. Abrego's Alien and EARM Files:

a. Neither the United States Attorney's Office for the Middle District of Tennessee nor the Nashville Office of the Department of Homeland Security has a copy of Mr. Abrego's Alien file. It is our understanding that the Alien file is being maintained by the Department of Homeland Security in relation to his pending immigration matters. Mr. Abrego is not charged with immigration violations in this district. Therefore, our position is that his Alien file is not relevant to his current charges. EARM records are attached.
3. Statements:
    a. Any statements of Abrego to law enforcement have been provided.
    b. Written Statements: HSI Baltimore report 20, Discovery 2, P000635-P000639.
    c. Mr. Abrego has never testified before the Nashville Grand Jury in this case.
    d. Statements of co-conspirators:
        i. CC-1 statements previously provided in Discovery 1:
            1. HSI Nashville Report 2- P000347-P000349
            2. HSI Nashville Report 3- P000350-P000354
            3. HSI Birmingham Report 4- P000420-P000421
            4. HSI Birmingham report 2- P000411-P000415
            5. HSI Birmingham report 3- P000416-P000419
            6. HSI Birmingham report 1- P000409-P000410
            7. HSI Baltimore report 20- P000635-P000639
        ii. CC-2 Statements previously provided in Discovery 1:
            1. HSI Nashville report 4- P000355-P0000358
            2. HSI Houston Report 1- P0003431-P000344
        iii. CC-3 Statements previously provided in Discovery 1:
            1. HSI Beaumont report 4- P000038-P000039
            2. HSI Beaumont Report 3- P000036-P000037
            3. HSI Beaumont Report 2- P000033-P000035
            4. HSI Beaumont Report 1- P000027-P000032
4. Documents and Objects inspections:
    a. The Government does not have the original paper roster which was not retained by the Tennessee Highway Patrol. However, a picture of the roster taken by THP personnel that night was retained and has been provided. It can also be seen on the BWC footage.
    b. Likewise, the License Plate Reader (LPR) data has been provided in paper form in Discovery 1 and does not require a physical inspection at the following pages:
        i. P000433-P000436 for license plate 6DA1180
        ii. P000422-P000431 for license plate RXY5556 (vehicle in question). Please note there are no LPR data for 11/30/2022 showing it in TN.
        iii. P000432- showing license plate RXY5556 is registered to OP 62 but previous owned by CC-1.
        iv. Discovery 2, P000583-P000585- HSI Baltimore report re LPR hits.
        v. Discovery 2, P000586-P000589- HSI Baltimore report re LPR hits.
5. Digital Media:
    a. The Body Worn Camera footage from the THP traffic stop that still exists has been provided in Discovery 1. Likewise, jail calls for Mr. Abrego through June 25, 2025,

2

have been provided in Discovery 1. Also, the Facebook contents for Trans Express have previously been provided in and electronic format.
   b. Additionally, jail calls and text messages from June 26, 2025, through Mr. Abrego's release date are being provided in Discovery 2.
6. Reports of Examinations and Tests: Currently the United States is unaware of anything falling within this category. Should an item(s) be discovered they will be disclosed promptly.
7. Expert Witnesses: The United States is aware of its disclosure obligations and will disclose such experts witnesses on November 3, 2025, as detailed in the Court's scheduling order at D.E. 103.
8. Electronic Surveillance and Recorded Statements:
   a. As previously stated in Number 3, all statements of Mr. Abrego to law enforcement in the possession of the Government have been provided.
   b. This case does not involve a wiretap or any other means of electronic surveillance.
9. Arrest Report, Notes, or Any Recordings: Mr. Abrego was arrested in regards to the Nashville case on June 6, 2025. During that time Mr. Abrego did not make any statements to law enforcement. Therefore, there are no arrest reports, notes or recordings to provide.
10. Disclosure of Informants or Cooperating Witnesses:
    a. As previously notes in Number 3, many of the witness reports that are subject to *Jencks* have been provided in Discovery. In this district we would normally provide the remaining *Jencks* material two weeks prior to trial; that is our intention in this case and is in accordance with the scheduling order.
    b. The United States has provided a discovery name key (Bates numbers P000543-P000545).
    c. These items have been provided.
11. Promises and Plea Bargains of Government Witnesses: No promises have been made to any government witnesses regarding criminal liability. As previously detailed, CC-1 and CC-3 have been provided deferred action on deportation.
12. Disclosure of Information Regarding Govt Witnesses:
    a. The United States is under no obligation to provide addresses for any government witness. The United States will provide its witness list per the Court's scheduling order on January 13, 2026. (D.E. 103)
    b. The United States submits that any evidence of bias, motive to lie, or impeachment evidence have been previously described in provided interview reports. The United States further submits that interview notes are not discoverable as the report has been provided. Specifically, but not to include every instance (including other instances where witness reports have been detailed):
        i. CC-1- Criminal complaint from Gulfport MS at Bates Numbers P000279-P000287;
        ii. OP 22 interview at Bates Numbers P000309-P000310;
        iii. OP 21 interview at Bates Numbers P000311-P000312;
        iv. Traffic stop of OP 18 at Bates Numbers P000313-P000315;
        v. Criminal complaint for CC-2 from SDTX at Bates Numbers P000316-P000318;
        vi. HSI Beaumont request for assistance report at Bates Numbers P000017-

3

    P000021;
  vii. OP 4 HSI Norfolk request to interview report at Bates Numbers P000012-P000016;
  viii. Request for assistance for HSI Birmingham to interview CC-1 at Bates Numbers P000007-P000011;
  ix. HSI El Salvador collateral request to interview OP 1, OP 2 at Bates Numbers P000001-P000006;
  x. Screenshots from CC-5's phone to include text messages in Spanish at Bates Numbers P000367-P000391; and
  xi. OP 50 interview HSI El Salvador report 1 at Bates Numbers P000392-P000395;
 c. The Untied States is aware of its 404(b) obligations and will submit anything by November 3, 2025, per the Court's scheduling order. (D.E. 103).

13. Material received from DHS: The United States has produced the Rule 16 discovery in its possession under this request. Additionally, the United States does not agree that all of the broad categories of information under Request 13 constitute Rule 16 material.
14. Material Received from State and Local Law Enforcement: The United States submits that all reports from state and local sources that pertain to the instant charges have been provided.
15. Exculpatory and Impeaching Evidence: The United States is aware of its obligations under *Brady* and as complied with those obligations to date.
16. *Jencks* Act Material: The United States is aware of its obligations under the *Jencks* Act and will provide such materials on January 13, 2026, as detailed out in the Court's Scheduling Order. (D.E. 103).
17. Materials concerning the inception or progress of the investigation and prosecution: The United States is providing HSI Baltimore reports from early 2023 detailing HSI Baltimore's initial investigation into Mr. Abrego's illegal activities in Discovery 2, P000546-P000621.
18. Materials received from the Salvadoran Government: To the extent that any of the materials reference information received from foreign sources, all such information in the prosecution team's possession has been provided. The reports that reference MS-13 membership that have previously been provided in Discovery 1:
 a. Prince George's County PD Gang Field Interview sheet at Bates Numbers P000396-P000398;
 b. OP 50 interview HSI El Salvador report 1 at Bates Numbers P000394-P000395;
 c. HSI Report entitled: "MS-13 Human Trafficking/Smuggling PG county" at Bates Numbers P000022-P000026.
 d. Discovery 2, HSI Baltimore report 21, P000642-P000643.
 e. Discovery 2, FBI interview of CC-5
19. Intelligence regarding Abrego: The United States has provided all the reports it believes are responsive to this request.

The following responses apply to your August 27, 2025, letter (numbered 1-6 there and 20-25 here, correspondingly):

20. March 28, 2019, Arrest: These materials have been provided.
21. November 30, 2022, Traffic Stop: The United States is providing the incident report and CAD report (same report) in Discovery 2. Based upon the prior discovery disclosure and Discovery 2 disclosure, the United States submits you have been provided with all of the information that presently exists for this traffic stop.
22. Phone Records: We do not have additional phone records to produce at this time.
23. Vindictive and Selective Prosecution: The United States submits that the prosecution of Mr. Abrego is neither vindictive nor selective prosecution. The United States further submits nothing in this category is required under Rule 16 of the Federal Rules of Criminal Procedure.
24. Search Warrants: The United States has previously provided the Search Warrant that was issued to Facebook at Bates Numbers P000485-P000509. The United States is also providing the Search Warrants issued for Snap Chat and What's App in Discovery 2 at Bates Numbers P000744-P000768 and P000796-P000806, respectively.
25. Any federal, state, or local law enforcement text messages discussing the November 2022 traffic stop or its aftermath: The United States is not in possession of any such information from or around the time of the traffic stop.

        Sincerely,

        */s/ Robert McGuire*
        ROBERT E. MCGUIRE
        Acting United States Attorney
        719 Church Street, Suite 3300
        Nashville, Tennessee 37203-3870
        Telephone: (615) 736-5151
        Robert.mcguire@usdoj.gov