IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               ) Case No.
        v.                     ) 3:25-cr-00115-1
                               )
KILMAR ARMANDO ABREGO          ) DISTRICT JUDGE CRENSHAW
GARCIA,                        )
                               )
                Defendant.     )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BEFORE THE HONORABLE

WAVERLY D. CRENSHAW, JR., DISTRICT JUDGE

TRANSCRIPT OF PROCEEDINGS

October 10, 2025

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -




(APPEARANCES ON THE FOLLOWING PAGE)








PREPARED BY:
                LISE S. MATTHEWS, RMR, CRR, CRC
                     Official Court Reporter
                 719 Church Street, Suite 2300
                      Nashville, TN 37203
                 lise_matthews@tnmd.uscourts.gov

```
 1   APPEARANCES:

 2           For the Plaintiff:   Jenna M. Dabbs
                                  Hecker Fink LLP
 3                                350 Fifth Avenue
                                  Suigte 63rd Floor
 4                                New York, NY 10118

 5                                Rascoe S. Dean
                                  Sherrard Roe Voigt & Harbison, PLC
 6                                1600 West End Avenue
                                    Suite 1750
 7                                Nashville, TN 37203

 8
            For the Defendant:   Mr. Robert E. McGuire
 9                                U.S. Attorney's Office
                                  719 Church Street, Suite 3300
10                                Nashville, Tennessee 37203

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          The above-styled cause came on to be heard on

2   October 10, 2025, before the Honorable Waverly D.

3   Crenshaw, Jr., District Judge, when the following proceedings

4   were had, to-wit:

5          THE COURT:  All right.  Be seated.

6          So we're here on Case 25-15.  If counsel want to

7   make their appearance on the record.

8          MR. MCGUIRE:  Good morning, Your Honor.  Rob

9   McGuire for the United States.

10          MR. DEAN:  Good morning, Your Honor.  Rascoe Dean

11   and Jenna Dabbs for defendant Kilmar Abrego Garcia.

12          THE COURT:  So pursuant to the last order I

13   entered, I would like to set November 3rd for the evidentiary

14   hearing on the vindictive -- does that work for the

15   government?

16          MR. MCGUIRE:  Yes, Your Honor.

17          MR. DEAN:  Yes, Your Honor.

18          THE COURT:  Okay.  And then October 30th will be

19   the deadline for you to file your witness lists.  Give me a

20   one to two sentence statement of the anticipated testimony

21   from that witness, also an exhibit list and briefs on the

22   anticipated testimony and why it supports your respective

23   positions.

24          So with that, let me start with the government.

25          Anything else that you would have the Court -- do

1  we need to plan for -- for the hearing?

2          MR. MCGUIRE:  I mean, not for the hearing, Your

3  Honor, no.  I mean, we would -- we intend to have the

4  defendant here on November 3rd, as we had always intended,

5  and then we'll provide the witness list and the briefing.

6          THE COURT:  I guess if you all anticipate your

7  proof is going to take longer than a day I would like to know

8  that so I can adjust my calendar.

9          MR. MCGUIRE:  I don't, Your Honor.

10          THE COURT:  Okay.  What about from the defense?

11          MS. DABBS:  Your Honor, I don't think there are

12  other logistical or submission-related things to cover.

13  There's, of course, the scope of discovery topic that I think

14  is teed up for the Court, which the parties have pretty

15  meaningful differences of opinion.

16          THE COURT:  Okay.  So I suggested a place for you

17  all to start, but until a motion is filed, I'm going to leave

18  discovery up to the parties.  I do note that the government's

19  going to give a supplemental affidavit.  And I assume you all

20  will talk and do that in a timely fashion so we're ready to

21  proceed on the 3rd.  And I note that the government plans to

22  provide some documents.  So to the extent --

23          MR. MCGUIRE:  It's --

24          THE COURT:  -- to the extent the government's

25  going to do that, then I assume you all are talking so that

```
1  those will be provided in a way that we're ready to proceed
2  on the 3rd.
3           MR. MCGUIRE:  Your Honor, frankly, we're going to
4  potentially provide the -- the email and letter from
5  Mr. Schrader, but other than that, I don't know that there's
6  going to be -- that we're planning on providing at this
7  point.
8           THE COURT:  So the burden is going to be on the
9  defense.  If you all can't work out discovery then you need
10 to bring it to me, we brief it, I make a decision and we move
11 on.
12          MS. DABBS:  Understood, Your Honor.  Thank you.
13          THE COURT:  Okay.  Anything else having to do with
14 the November 3rd evidentiary hearing?  From either party?
15          MR. MCGUIRE:  No, Your Honor.
16          MS. DABBS:  No, Your Honor.
17          THE COURT:  Okay.  To keep things on track, I
18 guess I -- I would ask, to make sure that we are ready to go
19 on the 3rd, maybe you all file a joint status report.
20 Obviously, if there are motions filed, that will tell the
21 Court something.  But in any case, maybe next -- yeah, this
22 coming Friday, 17, file a joint status report that things are
23 proceeding or not proceeding, or if you're anticipating
24 needing the Court's assistance to resolve something, just set
25 that forth.  But just give me a status report on where we
```

1   are. And, ideally, I guess I want to know, yes, we're on
2   track for November 3 or we -- we may not be on track because
3   of X, Y and Z. Does that make sense?
4               MR. MCGUIRE: It does, Your Honor. I mean, I
5   anticipate the defense is going to file a motion.
6               THE COURT: Okay.
7               MR. MCGUIRE: I want the Court to know I'll be out
8   of town next Friday. So we'll do the best we can to try to
9   provide the Court with what the Court needs.
10              THE COURT: And probably everyone should
11  anticipate, since we do have the November 3rd hearing set, if
12  there are motions filed, we'll need to get those briefed and
13  presented to the Court in a condensed scheduling of briefs
14  being filed. In other words, I'll set some date for the
15  briefs to get filed so that I can rule on it in a timely
16  fashion.
17              MR. MCGUIRE: Yes, sir.
18              THE COURT: Okay. Anything else?
19              MS. DABBS: Nothing further, Your Honor.
20              THE COURT: All right. So since we're here and
21  we've got that behind us, the Court notes that today's
22  October 10th. Under our scheduling order, today is the day
23  for the parties to file pretrial motions. I assume those are
24  going to come in at 11:59 tonight. But surely you know now,
25  is the government anticipating any pretrial motions.

1          MR. MCGUIRE:  We do not anticipate any pretrial

2    motions, Your Honor.

3          THE COURT:  And defense?

4          MS. DABBS:  We do, Your Honor.  We'll be filing a

5    number of motions today.

6          THE COURT:  Okay.  Tell me about that.

7          MS. DABBS:  We'll be filing a motion to suppress

8    in connection with the traffic stop of our client that is

9    part of the backdrop for these charges.  We're also

10   anticipating filing a motion to suppress in connection with

11   statements that were reported to have been made by our client

12   in connection with his arrest -- we submit unlawfully -- in

13   March of this year.  And -- and we have an additional --

14         THE COURT:  Where were those --

15         MS. DABBS:  I'm sorry.

16         THE COURT:  Remind me.  What was the context of

17   the statements in March of this year?

18         MS. DABBS:  The context of the statements in March

19   of this year -- and, Your Honor, we only have a limited

20   amount of detail about them.  They were embedded in part in a

21   report of investigation relating to an interview of one of

22   the cooperators in this case.  But the circumstances, as we

23   understand it, are that agents with Homeland Security stopped

24   our client, detained him --

25         THE COURT:  In March of 2025?

|   |   |
|---|---|
| 1 | MS. DABBS:  In March of 2025. |
| 2 | THE COURT:  Okay. |
| 3 | MS. DABBS:  Yes.  Your Honor, this is on the eve |
| 4 | of his being removed from this country to El Salvador. |
| 5 | THE COURT:  Okay.  Go ahead. |
| 6 | MS. DABBS:  And so there was a custodial interview |
| 7 | conducted at that time, and our position is that there was no |
| 8 | probable cause or reasonable suspicion to stop and detain our |
| 9 | client.  And then -- and then we have some particulars about |
| 10 | the circumstances of whether those statements that were made |
| 11 | were -- were coerced, were proper, and whether he was |
| 12 | Mirandized in advance of making those statements. |
| 13 | THE COURT:  Okay. |
| 14 | MS. DABBS:  So that's all part of the same motion. |
| 15 | THE COURT:  Well, the second motion to suppress? |
| 16 | MS. DABBS:  I'm sorry? |
| 17 | THE COURT:  You're going to file two motions to |
| 18 | suppress? |
| 19 | MS. DABBS:  We have styled them as two distinct |
| 20 | motions. |
| 21 | THE COURT:  Okay. |
| 22 | MS. DABBS:  One in connection with the traffic |
| 23 | stop and the other in connection with that -- those |
| 24 | post-arrest statements. |
| 25 | THE COURT:  Okay. |

1          MS. DABBS:  And bear with me just one second, Your

2     Honor.  Mr. Dean had to remind me of the third motion.  I

3     apologize.

4          The third motion is a request of the Court to

5     strike surplusage from the indictment and is specific to

6     allegations in the indictment that label our client as an

7     MS-13 gang member and that also relate to other conduct

8     articulated in the indictment that has nothing to do with and

9     is not relevant to the charges in the case.

10          THE COURT:  Okay.  What other motions do you

11     anticipate?

12          MS. DABBS:  Those are the three motions we

13     anticipate filing today.  And -- and noting the discourse up

14     to this point of this conference, I do expect we will file a

15     motion in connection with discovery relating to our motion to

16     dismiss, and we'll do that expeditiously.

17          THE COURT:  All right.  The other -- the other

18     thing that was set for today, so happens, is that I had asked

19     you all previously to meet and confer on the defendant's

20     motion seeking some kind of order from the Court regarding

21     pretrial statements.  Have y'all had a chance to meet and

22     confer?

23          MR. MCGUIRE:  As I recall, Your Honor, you had

24     ordered us to respond by today, which was --

25          THE COURT:  That's true, too.  But I was hoping if

1   you meet and confer, I said you could just tell me the

2   agreement.

3           MR. MCGUIRE:  I don't think we're going to be able

4   to have an agreement, Your Honor.

5           THE COURT:  Okay.

6           MR. MCGUIRE:  Other than, obviously -- and you'll

7   see this in our response.  The members of the prosecution

8   team on the case, which would be me, Mr. Harley and the

9   members of HSI Nashville, none of us have commented, nor will

10  we comment.  I don't think I have any problem agreeing to

11  that today.  But in terms of other members of the government

12  making any kind of statement, they're -- I have wanted to be

13  clear about sort of we can -- our team is not going to say

14  anything.

15          THE COURT:  Now, I'm -- I guess I'm on a

16  different -- remember, they filed a motion which seeks some

17  kind of order from the Court regarding statements made prior

18  to trial by the parties.  And you're right, October the 10th

19  is the response date.  So you're going to file a response --

20          MR. MCGUIRE:  Yes, sir, today.

21          THE COURT:  -- saying that no such order is

22  necessary, or what?

23          MR. MCGUIRE:  We're going to -- well, correct,

24  Your Honor.  Because we are -- our team is not going to say

25  anything, haven't said anything.

```
 1              THE COURT:  Okay.
 2              MR. MCGUIRE:  And we're going to sort of propose
 3    that the Court has a lot of other ways to handle extra
 4    judicial statements made by anybody during the jury selection
 5    process.  And you and Mr. Dean and I had a chambers
 6    conference where the Court made some good suggestions.
 7    Mr. Dean and I have talked about that as it relates to the
 8    jury questionnaire.  We're going to start exchanging
 9    hopefully an agreement on what the questionnaire would be.
10    And a big part of the questionnaire deals with extra judicial
11    statements.
12              THE COURT:  Well, now you're going to my next
13    matter -- which I guess we could combine -- makes some sense.
14    October the 17th is the deadline for the jury questionnaire.
15    So -- I guess where are y'all?  Sounds like you've met and a
16    questionnaire is in process?
17              MR. MCGUIRE:  Yes, sir.  Mr. Dean and I have
18    talked about this.  I have a draft.  I told him I was going
19    to send it to him.
20              THE COURT:  Good.
21              MR. MCGUIRE:  And I'll do that today.
22              THE COURT:  Okay.
23              MR. MCGUIRE:  And then the defense can decide what
24    they think of it.  And then what we would propose is we'll
25    probably sit -- if we can all agree on everything -- which
```

1  would be not only delightful, but a first in this case --

2  then we'll do that.  If we can't, then we'll probably propose

3  here's what the government suggests for a questionnaire,

4  here's what the defense suggests, and the Court can decide

5  and relay to Ms. Knoch.

6          THE COURT:  And then surely there will be some

7  parts of the questionnaire that everybody can agree on.

8          MR. MCGUIRE:  I would hope so, Your Honor.

9          THE COURT:  It's got to be.  Mr. Dean?

10         MR. DEAN:  We're going to work together on it,

11 Your Honor.  And I just note, we did confer with Mr. McGuire

12 regarding our motion about extra judicial statements.

13         THE COURT:  Okay.

14         MR. DEAN:  And we just kind of have a fundamental

15 disagreement about, you know, what the government thinks it

16 should do in response to our motion.

17         THE COURT:  Okay.

18         All right.  So I guess the government's going to

19 make that filing today, as well?

20         MR. MCGUIRE:  Yes, sir.  We're not going to wait

21 until 11:59 p.m., though, Your Honor.  I go to bed way before

22 that.

23         THE COURT:  And not that the Court will be up at

24 11:58 waiting on it.

25         So we've got quite a gap between October the 17th,

1  when you all are going to, I guess, file the questionnaire
2  for me to start looking at it.  And I've got November 3rd for
3  a status conference on that.  I guess -- I don't know if I'm
4  going to need to wait until November 3rd to do that.  Because
5  I do want to make sure the questionnaire is ready to go so it
6  can -- it can be distributed to the potential jurors.  So,
7  yeah, probably anticipate -- as soon as you all make your
8  filings -- wherever there's a point of agreement, that will
9  be great.  And any disagreement's going to be pretty narrow,
10 I would anticipate.  And I would like to get together with
11 you all, finalize that, probably get back with Ms. Knoch and
12 make sure we're moving forward on that.
13        So that takes us -- the status conference was
14 already set on November the 3rd.  And let me -- let me just
15 do a check-in then with the defense counsel.
16        Have you all been able to -- and I note that you
17 filed Document Number 133, I think, about defendant's been
18 moved.  Have you all been able to meet with your client to
19 review discovery?
20        MS. DABBS:  We have been able to visit him in
21 Pennsylvania.  We've been able to meet with him and to have a
22 meeting of a much longer duration, and also to visit with him
23 with the ability to bring in an electronic device so that we
24 can look at electronic discovery.  We've also been able to
25 schedule regular phone calls with him.  We're working through

1  a handful of issues with that facility and we'll raise them
2  with Mr. McGuire if we need his assistance, but on that
3  topic, at this point I don't think we have any requests of
4  the Court.  It appears that apart from, you know, the usual
5  difficulties it is -- it is a more favorable setting for
6  purposes of preparing for trial.
7          THE COURT:  And then let me just remind you -- and
8  Mr. Dean should know -- that seven days before the November
9  3rd status conference I need a joint report from you all so
10 I'm kept up to speed on where things are.
11         Does the defense see any -- well -- any
12 impediments to trial on this -- for today, where we're --
13 October the 10th?
14         MS. DABBS:  No, Your Honor.  Not at this time.  I
15 think we have a schedule that is workable.
16         THE COURT:  And same for the government?
17         MR. MCGUIRE:  Same for the government, Your Honor.
18         While I'm at it, a small housekeeping note.  And
19 I've talked to the defense about this.  I think when we had
20 our chambers conference I told the Court that I didn't think
21 we were going to have any expert witnesses.  We are going to
22 call Carla Rexing who is a CAST expert with the FBI to talk
23 about phone records, Your Honor, and I've conveyed that to
24 the defense.  We don't have any reports from her.  We'll
25 provide that.  I just wanted to correct that since I had

1  previously indicated I didn't think we would.  I think our

2  notice is not due for another couple of weeks.

3          THE COURT:  November 3.

4          MR. MCGUIRE:  But since I had said that to the

5  Court before, albeit in a chambers conference, I just

6  wanted -- and I've conveyed to the defense -- I just wanted

7  to correct that.

8          THE COURT:  Has the defense position changed?  Do

9  you all anticipate any experts at trial?

10          MS. DABBS:  I think we're still determining the

11  contours of our case, Your Honor.

12          THE COURT:  Okay.

13          MS. DABBS:  And of course we'll comply with the

14  deadlines with making notification.

15          THE COURT:  Yeah.  Go back to Document 103, which

16  is the scheduling order.  So all that's due on November 3rd.

17  And to the extent there's something to be discussed we'll be

18  together that day anyway.

19          Okay.  With that, those are the items that the

20  Court had.

21          I'll go to the government.  Anything else we need

22  to discuss at this point?

23          MR. MCGUIRE:  Not for the United States, Your

24  Honor.

25          THE COURT:  All right.  Anything else?

```
 1              MS. DABBS:  Not from the defense.
 2              THE COURT:  So I sense that there's -- you're
 3    going to file a motion.  Do you have a timetable on that?
 4              MS. DABBS:  I expect it will be well before 11:59.
 5              THE COURT:  Okay.
 6              MS. DABBS:  But I can't promise the Court that it
 7    will be in the next hour or so.
 8              THE COURT:  No.  And I'm not looking for --
 9              MS. DABBS:  It will be a reasonable --
10              THE COURT:  I was really thinking more days than
11    hours, but that's totally up to you all.
12              MS. DABBS:  Oh, I'm sorry.  The discovery motion.
13    Okay.  Yes.
14              I expect, Your Honor, that we will be in a
15    position to file that, certainly next week, and hopefully in
16    the very early part of next week.
17              THE COURT:  Okay.
18              Okay.  And I'll try again.  Why don't you all meet
19    and confer with the government.  Let the government know when
20    you're filing that motion.  And then I'm going to need some
21    expedited briefing.
22              MR. MCGUIRE:  I understood.
23              THE COURT:  So I can rule on it.  So maybe you all
24    can agree on that.  We've got a hearing date.  And I want to
25    give myself enough time to rule on things.
```

1           All right.  Anything else?

2           MS. DABBS:  No, Your Honor.

3           THE COURT:  All right.  Thank you all.

4           (Court adjourned.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  REPORTER'S CERTIFICATE

2

3          I, Lise S. Matthews, Official Court Reporter for

4  the United States District Court for the Middle District of

5  Tennessee, with offices at Nashville, do hereby certify:

6          That I reported on the Stenograph machine the

7  proceedings held in open court on October 10, 2025, in the

8  matter of UNITED STATES OF AMERICA v. KILMAR ARMANDO ABREGO

9  GARCIA, Case No. 3:25-cr-00115-1; that said proceedings in

10  connection with the hearing were reduced to typewritten form

11  by me; and that the foregoing transcript (pages 1 through 17)

12  is a true and accurate record of said proceedings.

13          This the 20th day of October, 2025.

14

15                              /s/ Lise S. Matthews
                                LISE S. MATTHEWS, RMR, CRR, CRC
16                              Official Court Reporter

17

18

19

20

21

22

23

24

25