IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.

KILMAR ARMANDO ABREGO GARCIA,

*Defendant.*

No. 3:25-cr-115

Judge Waverly D. Crenshaw, Jr.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S
MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

The government's opposition to Mr. Abrego's motion to strike surplusage from the Indictment boils down to an argument that the inflammatory and prejudicial allegations regarding Mr. Abrego's purported membership in MS-13, narcotics and firearms trafficking, and abuse of female aliens are relevant because they are "instrumental in explaining the lengthy and complex conspiracy that the defendant participated in with others." (Dkt. 177 at 4). But the conspiracy with which he is charged is not some sweeping racketeering conspiracy. Nor has the government charged a gang-related enterprise. Instead, the Indictment charges merely an alleged conspiracy to transport aliens. *See* 8 U.S.C. § 1324(a)(1)(A)(v)(I). That charge requires proving that Mr. Abrego "(1) agreed with one or more persons (2) to transport an undocumented alien inside the United States (3) in furtherance of his unlawful presence (4) knowingly or in reckless disregard of the fact that the alien's presence in the United States was unlawful." *United States v. Jimenez-Elvirez*, 862 F.3d 527, 533-34 (5th Cir. 2017). As much as the government strains to argue otherwise, these inflammatory, unfounded allegations are not relevant to proving the charged conspiracy.

Further, the surplusage analysis does not "begin and end with a review of the relevance," as the government contends. (Dkt. 177 at 7). The Court may consider not only whether the challenged allegations are "relevant to the charge made," but also whether they "contain inflammatory and prejudicial matter." *United States v. Johnson*, 256 F. Supp. 3d 755, 759 (M.D. Tenn. 2017). Thus, as this Court held in *Johnson*, inflammatory allegations like those here should be stricken to "prevent undue and seemingly unnecessary prejudice." *Id.* at 762. The tangential and prejudicial allegations in the Indictment in this case warrant the same result.[1]

---

[1] The government asserts that it will not ask the Court to provide a copy of the Indictment to the jury, so this motion should be denied as moot. (Dkt. 177 at 1). But where an indictment contains irrelevant and prejudicial allegations, the proper remedy is to strike them. Fed. R. Crim. P. 7(d). That the government proposes to deviate from the standard "practice in this District," *Johnson*, 256 F. Supp. 3d at 762, in lieu of fixing the Indictment, reveals that the true purpose of these allegations is to drum up negative publicity about Mr. Abrego.

1

## I. The Government Fails to Demonstrate the Relevance of the MS-13 Allegations

The government's insistence on the relevance of Mr. Abrego's purported membership in MS-13 flies in the face of undisputed facts: there is neither allegation nor evidence that *any* of the co-conspirators were members of MS-13, or that *any* MS-13 members participated in the charged conspiracy to transport aliens. Evidence is relevant where it has the "tendency to make the existence" of a disputed fact "more probable or less probable." *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 517 (6th Cir. 1998). Proffered evidence cannot satisfy Rule 401's standard where it "do[es] not go to any of the elements of the offenses…charged in the indictment." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020) (quotations omitted). The government has no evidence or arguments, and the Indictment contains no allegations, even hinting at the notion that Mr. Abrego's purported membership in MS-13 made the existence of the conspiracy or his participation in it more probable. *Contra, e.g.*, *United States v. Ford*, 761 F.3d 641, 649 (6th Cir. 2014) ("Evidence of gang affiliation is relevant where it demonstrates the relationship between people and that relationship is an issue in the case."). "Without any indication that [Mr. Abrego] and his alleged co-conspirators shared membership in the same gang or jointly [smuggled aliens] as part of a gang-related enterprise," allegations about gang affiliation are "unfairly prejudicial." *See United States v. Gonzalez*, No. 22 Cr. 896, 2024 WL 3090960, at *2 (D.N.M. June 21, 2024).

Instead, the government posits two theories of relevance for its gang allegations: *first*, Mr. Abrego's purported membership in MS-13 enabled him to "collect alien smuggling debts from MS-13 members…where other co-conspirators failed"; and, *second*, some of the smuggled aliens were MS-13 members, which "impacted the destination and travel route" to Maryland, "a place where MS-13 had one of their largest strongholds." (Dkt. 177 at 6-8).[2] These allegations (which

---

[2] The Court has rejected the allegation that Mr. Abrego is a member of MS-13 as "border[ing] on the fanciful" (Dkt. 95 at 32), and there is not a shred of evidence in the discovery received to date

are heavy on theory and light on actual evidence), the government contends, are relevant to demonstrating Mr. Abrego's role in the conspiracy and how he "completed the objective of the conspiracy and how he made a profit." (*Id.* at 8). In reality, these allegations are neither essential to demonstrating the existence of an alien smuggling conspiracy nor probative of whether Mr. Abrego "agreed, knowingly joined, and participated *in [that] conspiracy*." *United States v. Sadler*, 24 F.4th 515, 555 (6th Cir. 2022).

The government essentially argues that these allegations serve as important "context" for the conspiracy. (Dkt. 177 at 7-8). But the Sixth Circuit has warned that "background evidence" is "not an open ended basis to admit any and all other act evidence the proponent wishes to introduce." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Courts "must err on the side of caution and impose strict limitations on the admission of potential character evidence that is purportedly being introduced as 'intrinsic' or 'background' evidence." *United States v. Gibbs*, 797 F.3d 416, 425 (6th Cir. 2015). Mr. Abrego's purported MS-13 membership is not "inextricably intertwined" with whether he knowingly and intentionally joined a conspiracy to transport aliens, nor is it "necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 748. Rather, references to MS-13 in the Indictment serve no other purpose than to "arouse negative connotations and…invoke images of criminal activity and deviant behavior." *United States v. Rios*, 830 F.3d 403, 421 (6th Cir. 2016) (quotations omitted). Tellingly, the government does not even try to explain why allegations about MS-13's "criminal enterprise"—involving "murder," "extortion," and "money laundering" (Dkt. 3 ¶ 6)—are at all relevant to the charged conspiracy.

## II. Allegations of Transporting Firearms and Narcotics and Abuse Are Irrelevant

The government asserts that Mr. Abrego's alleged "gun and drug transportation is [an]

---

supporting the government's bald (and false) allegation that Mr. Abrego collected payments from MS-13 members by virtue of his membership in the gang where CC-1 and CC-2 were unsuccessful.

3

important part of the alien smuggling conspiracy" to show "the relationship, roles, interdependencies, and motives amongst the defendant and his co-conspirators." (Dkt. 177 at 9). But these pat generalizations do nothing to demonstrate the relevance of these highly prejudicial and inflammatory uncharged acts.[3]

Take the government's allegations of Mr. Abrego's alleged transportation of firearms. The government does not contend that the transportation of firearms furthered the alien smuggling conspiracy, but instead asserts that transporting firearms caused the co-conspirators to "transport *less* [sic] *people*…to avoid scrutiny by law enforcement." (Dkt. 177 at 9 (emphasis added)). In the government's own telling, then, the transportation of firearms was incidental to the transportation of aliens or even hindered the conspiracy itself. Even if transporting firearms "impacted…normal methods of transportation" or "decision making on how best to achieve the goals of the conspiracy without detection" (*id.* at 9-10), that does nothing to make the existence of the *alien smuggling* conspiracy or Mr. Abrego's participation in it more probable. *See United States v. Adams*, 722 F.3d 788, 817 (6th Cir. 2013) (holding evidence of drug dealing was not admissible background evidence for vote-buying conspiracy where drug dealing was "neither a prelude to the charged offense nor was it probative of the charged offense"). This evidence is in the Indictment to further the government's improper efforts to dirty up Mr. Abrego, not because it is legitimately relevant.

As for allegations of transporting narcotics, the government paints a cinematic narrative of Mr. Abrego furtively transporting drugs on alien smuggling trips to the dismay of CC-1 and CC-2, threatening to leave aliens on the side of the highway when CC-2 caught him attempting to transport drugs after installing "location tracking capabilities" in his vehicles, and thereafter jockeying with CC-2 in a "struggle for power" to increase his role and status within the conspiracy.

---

[3] The government does not argue that transporting narcotics and firearms and abusing female aliens are permissible other acts evidence under Fed. R. Evid. 404(b).

(Dkt. 177 at 10-12).[4] While these sensational details would no doubt "inflame the passions and/or prejudices of the jury," *Johnson*, 256 F. Supp. 3d at 761, they are not at all probative of whether Mr. Abrego knowingly and intentionally joined a conspiracy to transport aliens.

Allegations in the Indictment that Mr. Abrego abused female aliens fare no better. The government asserts that these allegations are "highly relevant" because they "were acts…done while [Mr. Abrego] was supposed to be completing acts necessary to achieve the organization's objectives." (Dkt. 177 at 12). But mere temporal proximity does not establish the relevance of these lurid allegations, which do not form the basis of, and are not necessary to prove, the existence of an alien smuggling conspiracy and Mr. Abrego's knowing and voluntary participation in it. *See United States v. Presgraves*, 658 F. Supp. 2d 770, 784 (W.D. Va. 2009) (striking as surplusage allegations of sexual harassment by defendant charged with racketeering and other crimes). In a last ditch effort, the government resorts to conclusory assertions that the alleged abuse of female aliens and the resulting dispute between Mr. Abrego and his co-conspirators are necessary to show "how the organization operated, where they placed their priorities, and what the leaders did in situations where someone, like the defendant, did things in addition to his assigned tasks that could impact profits." (Dkt. 177 at 13). But the government still does not establish how these allegations are at all probative of the charged conspiracy, nor are they necessary to "complete the story" of the alien smuggling conspiracy to be relevant as background evidence. *United States v. Clay*, 667 F.3d 689, 698 (6th Cir. 2012) (disallowing background evidence of theft of a gun which was a "completely separate and distinct offense that is not essential for providing a coherent and intelligible description of the charged offense" of carjacking (internal quotation marks omitted)).

---

[4] The government's opposition is the first time the defense has heard these allegations. They appear nowhere in the numerous statements of CC-1 and CC-2 that the government has disclosed. And, tellingly, these claims were absent from the government's presentations during the bail hearing in connection with attempting and failing to prove that Mr. Abrego posed a danger to the community.

## **CONCLUSION**

For the foregoing reasons, Mr. Abrego respectfully requests that the Court strike from the Indictment: (1) allegations concerning MS-13 and Mr. Abrego's purported membership therein in paragraphs 5, 6, 7, 11, 16, 17, and 18; (2) allegations concerning narcotics and firearms trafficking in paragraphs 14 and 15; and (3) allegations of reports of Mr. Abrego's abuse of female undocumented aliens in paragraph 27.

Dated: October 28, 2025
      New York, New York

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker