# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

### DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S PRE-HEARING BRIEF AND SUBMISSION REGARDING WITNESS AND EXHIBIT LISTS FOR UPCOMING EVIDENTIARY HEARING ON VINDICTIVE AND SELECTIVE PROSECUTION

Pursuant to the Court's Order dated October 14, 2025, Defendant Kilmar Armando Abrego Garcia submits the following brief in support of his motion to dismiss for vindictive and selective prosecution, in advance of the forthcoming evidentiary hearing currently set for November 4 and 5, 2025. (*See* Dkt. 162 at 1; Dkt. 167). In accordance with the Court's Order, this submission explains (1) the burden of proof and burden-shifting framework in vindictive prosecution cases; (2) what the defense anticipates for the upcoming evidentiary hearing; and (3) the defense's position regarding witnesses and exhibits.

I. **Burden of Proof and Burden Shifting**

Sixth Circuit law provides a "clear road map to district courts on how to approach motions to dismiss based upon alleged vindictive prosecution." (Dkt. 138 at 2). First, a defendant can show actual vindictiveness, which requires that a defendant present "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights[.]" (*Id.* (quoting *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013))). Second, a defendant can obtain dismissal of an indictment based on "presumptive vindictiveness." (*Id.*). Under that theory, a defendant establishes a "rebuttable presumption of vindictiveness" where, as here, he "shows a 'realistic likelihood' that a charge was vindictive." (*Id.* (quoting *United States v. Zakhari*, 85 F.4th 367, 379 (6th Cir. 2023))). The government then "bears the burden of rebutting [that] *prima facie* showing of vindictiveness." (Dkt. 185 at 3); *see Zakhari*, 85 F.4th at 379 ("Once a reasonable likelihood is found, a presumption arises in defendant's favor and the government must rebut it with objective, on-the-record explanations." (internal quotation marks and citation omitted)). It is at an evidentiary hearing that the "government's explanations [are to] be formally presented and tested." *United States v. Andrews*, 633 F.2d 449, 457 (6th Cir. 1980).

Following such a hearing, "[i]f the government fails to present evidence sufficient to rebut the presumption, the presumption stands and the court must find that the prosecutor acted

vindictively." *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001); *see LaDeau*, 734 F.3d at 572 (affirming district court's finding that government did not rebut presumption of vindictiveness because the "subjective rationales offered by the government in its affidavit" were not "sufficiently 'objective' explanations for the government's conduct"). The remedy, then, is "dismissal of the charges or other appropriate remedies." *Bragan*, 249 F.3d at 482. If the government produces sufficient evidence to rebut the presumption—and "only objective, on-the-record explanations can suffice to rebut a finding of [a] realistic likelihood of vindictiveness"—then "the defendant must prove that the offered justification is pretextual and that actual vindictiveness has occurred." *Id.*

Here, having made a *prima facie* showing of a reasonable likelihood of vindictiveness, Mr. Abrego has shifted the burden to the government to rebut that presumption. (Dkt. 138 at 15; Dkt. 185 at 1, 3). The government bears the burden of rebutting the presumption at the evidentiary hearing through "objective, on-the-record explanations" establishing that the case was brought based on legitimate, non-vindictive motives. (Dkt. 138 at 15 (quoting *United States v. Howell*, 17 F.4th 673, 687 (6th Cir. 2021))). If the government fails to offer sufficient evidence to rebut the presumption of vindictiveness, proceedings on this motion are at an end, and the Indictment must be dismissed. *See Bragan*, 249 F.3d at 482. Mr. Abrego bears no burden to present evidence so long as the presumption remains unrebutted. *See id.*

If, on the other hand, the government rebuts the presumption, then Mr. Abrego still has the opportunity to offer evidence establishing that the government's proffered justification is a pretext, and that "actual vindictiveness has occurred." *Bragan*, 249 F.3d at 482. And, of course, if Mr. Abrego offers at the hearing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," then dismissal will be warranted. *LaDeau*, 734 F.3d at 566. As it stands, the Court has concluded that the factual record already "may come close to

2

establishing actual vindictiveness." (Dkt. 138 at 8). The Court stated that it could "revisit" the actual vindictiveness issue following discovery and the hearing. (*Id.*). Mr. Abrego is thus entitled to offer evidence to bolster his claim of actual vindictiveness, and is further entitled to discovery to prove that claim. Of course, Mr. Abrego is not required to offer such evidence, unless the government first meets its burden of rebutting the *prima facie* showing of vindictiveness that he has already made.

## II. The Upcoming November 4 and 5 Hearing

At this juncture, the defense respectfully submits that there is no indication that the government will be prepared to present the objective evidence required to rebut the presumption of vindictiveness at the hearing scheduled to begin on Tuesday, November 4.

As of the filing of this brief, the defense has received no information from the government about the "initial production of documents" provided to the Court for *in camera* review yesterday, which defense counsel only learned occurred because of the Court's Order. (Dkt. 191 at 1). The government has not even informed the defense about which, if any, of the six categories of information it produced responsive documents for (*see* Dkt. 186 at 1), and it appears that the government's position is that—implausibly—there are "no responsive documents for entire categories of information" (Dkt. 191 at 1). To the extent the government claims that there are no responsive documents for the first two categories in the Court's order on the motion to compel— (1) "all documents that reflect individuals who directed the Government's change in position from 'deport but not prosecute' to 'prosecute and then deport'; and (2) all documents that reflect the circumstances that motivated that change in position"—we share the Court's belief that the government "certainly has additional responsive documents" in those categories, but has yet to gather and produce them. (*Id.* at 1-2 (citations omitted)). We also understand from the Court's October 29 Order that the government will be producing additional, responsive documents to the

3

Court on a rolling basis, a seeming concession that its search to date has been insufficient.[1] Although the defense bears no burden at the evidentiary hearing while the presumption remains unrebutted—and we believe it will continue to be unrebutted on the limited evidence the government is apparently prepared to offer—the defense is entitled to cross-examine the government's witnesses, which requires the timely, pre-hearing production of documents to the defense. Given the government's lack of communication with the defense about any production of discovery and its *in camera* submission, our ability to prepare for a hearing that is now five days away is severely hamstrung.

As for witnesses, the government has indicated that it intends to call Acting United States Attorney Robert McGuire, Supervisory Special Agent John VanWie of HSI Baltimore, and Special Agent in Charge Rana Saoud of HSI Nashville to testify at the evidentiary hearing. The government has moved to quash the subpoenas issued to three DOJ witnesses: Deputy Attorney General Todd Blanche, Counselor to the Deputy Attorney General James McHenry, and Associate Deputy Attorney General Aakash Singh. The parties are actively litigating that motion. As we explained in our opposition to the government's motion, the testimony of Mr. Blanche, Mr. McHenry, and Mr. Singh is unquestionably relevant and material to the Court's determination of Mr. Abrego's vindictive prosecution motion. (Dkt. 193 at 6-10; *see also* Dkt. 185 at 2-3 ("Cases do not magically appear on the desks of prosecutors. The motivations of the people who place the file on the prosecutor's desk are highly relevant when considering a motion to dismiss for vindictive prosecution.")). Indeed, the government cannot rebut the presumption of vindictiveness with just the testimony of Mr. McGuire, Mr. VanWie, and Ms. Saoud, when the Court has already

---

[1] Mr. McGuire also informed the Court that he recently came into possession of a set of documents from Mr. VanWie. (*See* Dkt. 191 at 2). Pursuant to the Court's order, the parties will meet and confer regarding production of the VanWie documents.

found a realistic likelihood that this indictment was the result of the vindictiveness of "senior DOJ and DHS officials" separate and apart from Mr. McGuire. (Dkt. 138 at 13; *see* Dkt. 193 at 10-11). Only by adducing evidence relevant to the intent of those senior officials in setting this prosecution in motion would it even be possible for the government to satisfy its burden here.

On this record, and subject to the issues the Court wishes to discuss at the counsel-only conference set for Friday, October 31, we do not believe it would be productive for the Court to proceed with an evidentiary hearing on this motion next week. In the absence of testimony from Mr. Blanche, Mr. McHenry, Mr. Singh, and any other relevant decisionmakers whose testimony is necessary to answer the Court's questions identified in its motion to compel ruling—and in light of the government's continuing refusal to produce certain clearly relevant documents—the government cannot meet its burden to rebut the presumption of vindictiveness. If the government's intention is to rehash arguments at the evidentiary hearing that this Court has rejected and to call only those witnesses who will not be able to testify to the motivations of the senior officials who set this prosecution in motion, this Court should find that the presumption stands and dismiss this Indictment.[2]

## III. Witness and Exhibit Lists

In its October 14 Order, the Court ordered the parties to submit witness and exhibit lists, along with a description of each witness's expected testimony. (Dkt. 162 at 1). Given that the Court has not yet resolved the government's motion to quash subpoenas issued by the defense and we have received no meaningful discovery as to the disputed issues, we are not in a position to identify defense witnesses or exhibits for the evidentiary hearing. Mr. Abrego has no burden to present any

---

[2] Should the Court proceed with the evidentiary hearing next week, the defense respectfully requests the opportunity to file post-hearing briefing promptly following the government's presentation of evidence.

5
Case 3:25-cr-00115    Document 195    Filed 10/30/25    Page 6 of 8 PageID #: 1913

evidence so long as the government has failed to rebut the presumption of vindictiveness. *See Bragan*, 249 F.3d at 482; *Zakhari*, 85 F.4th at 379. As for actual vindictiveness, the government has stonewalled the defense's efforts to obtain the necessary documents or call the very witnesses whose testimony is necessary to prove that misconduct. Upon resolution of the motion to quash and the production of discovery to the defense, defense counsel will submit witness and exhibit lists promptly to the Court in advance of the hearing.

Dated: October 30, 2025
      New York, New York

Respectfully submitted,

 /s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker