IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:25-CR-115 |
| | ) | |
| | ) | JUDGE CRENSHAW |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

**GOVERNMENT'S MOTION IN LIMINE
PROHIBITING DISCUSSION OF THE DEFENDANT'S
IMMIGRATION STATUS AND HISTORY
AND ARGUMENT FOR NULLIFICATION**

COMES NOW the United States of America, by and through the undersigned First Assistant United States Attorney Robert E. McGuire and moves, in limine, that this Court prohibit the defense from referencing the defendant's immigration status and history during opening statement, direct examination or cross-examination of witnesses, and closing argument or to argue (explicitly or indirectly) for nullification by the jury on the basis of their motion for vindictive and selective prosecution.

Just as a criminal defendant has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has a right to establish a defense which is a fundamental element of the due process of law. *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). However, a criminal defendant does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff,* 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689, 106 S.Ct. 2142. The Supreme Court gives

1

trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer,* 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (quoting *Rock v. Arkansas,* 483 U.S. 44, 56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)).

As the Court is aware based on the prior pleadings in this case, the defendant is a native of El Salvador, is not a United States citizen, and was deported from the United States in March 2025 only to be returned in June 2025. This Court has already noted the "high-profile nature of his immigration case" (DE # 182 at 1), will likely poll the jury on their awareness of it, and issued orders to both parties to refrain from extrajudicial comments about it. The United States submits that should the defense be allowed to describe the defendant's immigration issues (his deportation, lawsuit, and return) then all of the Court's work—in issuing orders regarding extrajudicial comments, polling the jury via a questionnaire, etc.—will essentially come undone for the sake of what is effectively irrelevant evidence. Instead of judging the case based on the facts and the evidence as it relates to elements of the charged offenses, there is a danger that the jury will view the facts of the criminal case through the (irrelevant) lens of the defendant's immigration case.

The defendant is presently charged with conspiracy to smuggle illegal aliens for financial gain and smuggling illegal aliens for financial gain. (DE # 1, Indictment.) The United States would respectfully submit that the defendant's citizenship status (or his lack of citizenship status) is irrelevant to those charges. The defendant is not charged with an immigration offense regarding his own status, *i.e.* a violation of 8 U.S.C. §1326. Non-citizens and citizens alike can commit the

crimes charged in the Indictment. Admitting evidence about the defendant's immigration status, his prior deportation and subsequent return fails the basic relevance test set out in Rule 401: it has no tendency to make a fact of consequence more or less probable than it would be without the evidence. FED.R.EVID. 401. In a criminal case a fact is "of consequence" if it makes it more or less likely that the defendant committed the charged conduct. *United States v. Hazlewood*, 979 F.3rd 398, 409 (6th Cir. 2020). Here, the intersection of the defendant's immigration matters with the criminal case is irrelevant to the facts of the criminal case. Whether he was a citizen at the time of the offenses or whether he had been deported and returned do not make it more or less likely that the defendant committed the charged conduct. Therefore, the United States submits that any such evidence is irrelevant, and the defense should be prohibited from offering it.

Moreover, the defense has filed a motion to dismiss alleging that the prosecution in this case was vindictive and designed to punish the defendant for suing the federal government after his March deportation. Should the Court rule in the Government's favor on that motion and allow the case to proceed to trial, the United States submits that it would be improper for the defense to re-litigate that legal determination before the jury. The United States Supreme Court has explained that challenges to alleged improper conduct by the Government in instituting a prosecution are "not a defense on the merits of the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996) (internal quotations and citation omitted). Because Abrego Garcia's motions for vindictive or selective prosecution are "not a defense on the merits of the criminal charge itself," the challenges may not be raised to the jury. *Id.*

In *United States v. Abboud*, 438 F.3d 554, 580 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that the district court properly excluded evidence of selective prosecution before the

3

jury. Specifically, the appellate court found that the district court properly excluded such evidence and argument from trial because "the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." *Id.* at 579. Here, too, it would be improper for Abrego Garcia to present arguments to the jury from his claims of vindictive and selective prosecution. The Court, as is called for under the Federal Rules of Criminal Procedure, is properly deciding those issues pre-trial. *See* Federal Rule of Criminal Procedure 12(b)(3). Abrego Garcia may not raise issues concerning the Government's decision to prosecute, and the timing of the Indictment, as they are independent of the ultimate issue of whether he committed the crimes charged in the Indictment. Instead, as is being done here, the Court has the role of deciding those issues pre-trial.

Indeed, the defense arguments in this vein would be little more than an appeal for nullification which is improper. The Sixth Circuit has held that parties may not argue and courts may not instruct the jury to nullify the law. *See United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988) ("To have given an instruction on nullification would have undermined the impartial determination of justice based on law."). Speaking on jury nullification, the Sixth Circuit held that "courts will not encourage this, provide jury instructions acknowledging it, or allow lawyers to argue overtly for it." *Wofford v. Woods*, 969 F.3d 685, 709 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1745 (2021). Courts in the Sixth Circuit, therefore, will not allow parties to advocate for jury nullification at trial. *See, e.g., United States v. Walsh*, 654 F. App'x 689, 697 (6th Cir. 2016).

In conclusion, the Government respectfully submits that this Motion should be granted, and the defense should be prohibited from referencing the defendant's citizenship status, his prior deportation and return, and from attempting to re-litigate the circumstances of their pending Motion to Dismiss before the jury.

Respectfully Submitted,

 /s/ Robert E. McGuire
ROBERT E. McGUIRE
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203


 /s/ Jason Harley
JASON M. HARLEY
Trial Attorney, Joint Task Force Vulcan
*Pro Hac Vice*
719 Church St., Suite 3300
Nashville, TN 37203