**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

UNITED STATES OF AMERICA

v.

KILMAR ARMANDO ABREGO GARCIA,

*Defendant.*

No. 3:25-cr-115

Judge Waverly D. Crenshaw, Jr.

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S**
**MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT FROM**
**REFERENCING "HUMAN TRAFFICKING," "VICTIMS," OR**
**"ALLEGED VICTIMS" IN FRONT OF THE JURY**

## PRELIMINARY STATEMENT

Defendant Kilmar Armando Abrego Garcia moves *in limine* to prohibit the government and witnesses at trial; from (1) alleging that Mr. Abrego has been charged with, or was otherwise involved in, a human *trafficking* conspiracy; and (2) referring to participants in the human smuggling scheme alleged in the indictment as "victims" or "alleged victims." Since the government unlawfully deported Defendant Kilmar Armando Abrego Garcia to El Salvador earlier this year, it has repeatedly sought to portray him as an "MS-13 gang member, human trafficker, serial domestic abuser, and child predator" as part of a misguided effort to justify its egregious error.[1] That effort has extended to this Court, where the government has baselessly referenced Mr. Abrego's involvement in a human trafficking conspiracy. (Dkts. 14 at 2, 47 at 52-55).

But Mr. Abrego is not charged with a human trafficking offense (Dkt. 3), and the government has never presented any evidence showing that Mr. Abrego is a human trafficker. Instead, the government's reference to "human trafficking" appears calculated to paint Mr. Abrego as a bad and violent person who has victimized various people, including other participants in the alleged smuggling scheme charged in the indictment. If allowed to continue during Mr. Abrego's trial, the government's baseless references to Mr. Abrego's involvement in human trafficking will violate Federal Rules of Evidence 401, 403, and 404(b) and result in substantial prejudice to Mr. Abrego.

Accordingly, Mr. Abrego seeks the following unremarkable relief: (1) that the government be prohibited at trial from referring to, or eliciting testimony about, human trafficking—a crime that Mr. Abrego has neither been charged with, or credibly accused of, committing; and (2) that

---

[1] *See, e.g.*, Cameron Arcand, *Noem Torches 'Activist Liberal Judges' After Abrego Garcia's Release from Jail: 'New Low'*, Fox News (Aug. 22, 2025), https://www.foxnews.com/politics/noem-torchesactivist-liberal-judges-after-abrego-garcias-release-from-jail-new-low.

the government be precluded at trial from referring to participants in the alleged human smuggling scheme as "victims" or "alleged victims."

## BACKGROUND

Mr. Abrego is charged in a two-count Indictment with conspiring to transport aliens in violation of 8 U.S.C. § 1324(a)(1)(v)(I) and unlawfully transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (Dkt. 3). In dozens of public prejudicial statements that Mr. Abrego has previously outlined for this Court (Dkts. 69, 94, 118), the government has accused Mr. Abrego of being "a human trafficker," despite never charging him with a trafficking offense and lacking any evidence that Mr. Abrego ever "trafficked" anyone at all.[2] Prosecutors and a law enforcement witness have also incorrectly asserted that Mr. Abrego was involved in a "trafficking" conspiracy in hearing in front of Magistrate Judge Holmes. (Dkt. 47 at 52-55). More specifically, at Mr. Abrego's June 2025 detention hearing, both the Acting United States Attorney and Homeland Security Investigations ("HSI") Special Agent Peter T. Joseph, who is the lead case agent on Mr. Abrego's case, at times referred to the alleged smuggling conspiracy at issue in this case as a "trafficking" conspiracy. (*Id.*).

These references (along with several similar subsequent statements from defense counsel) led Judge Holmes to note the "distinct difference" between smuggling and trafficking offenses and "clarify" that Mr. Abrego has

> not been charged with human trafficking, so that we're all on the same page about that, because I don't want Special Agent Joseph to be talking about his experience with human traffickers when what we're talking about is smuggling of undocumented persons.

---

[2] *See, e.g.*, Press Release, Dep't of Homeland Sec., *Secretary Noem Condemns the Release of Kilmar Abrego Garcia, a MS-13 Gang Member, Human Trafficker, Wife Beater, and Child Predator* (Aug. 22, 2025), https://www.dhs.gov/news/2025/08/22/secretary-noem-condemns-release-kilmarabrego-garcia-ms-13-gang-member-human.

(*Id.* at 118). In her subsequent memorandum opinion denying the government's detention motion, Judge Holmes elaborated on this point, observing that

> the offenses of which Abrego is charged are *human smuggling, not human trafficking*. Although "smuggling" and "trafficking" were used interchangeably during the detention hearing, there is a distinct difference between the two under the law. They are not transposable.

(Dkt. 43 at 5 (emphasis added)). As HSI has itself explained, "'human trafficking' and 'human smuggling' are 'very different' in part because trafficking offenses involve the exploitation of victims while smuggling offenses involve the transportation of 'an individual who voluntarily seeks to gain illegal entry into a foreign country.'" (*Id.* (quoting The Cornerstone Report, *Human Trafficking vs Human Smuggling*, Vol. XIII, No. 1, Summer 2017, p.1)). Put another way, the very government agency responsible for investigating and prosecuting Mr. Abrego is on record stating that smuggling offenses involve voluntary participants, not victims. (*Id.*).

Despite HSI's admission and Judge Holmes's admonition, government officials have continued to disparage Mr. Abrego as a "human trafficker" in various public statements.[3] Accordingly (and out of an abundance of caution), Mr. Abrego respectfully requests that the Court prohibit the government and witnesses from referring to "human trafficking" and "victims" or "alleged victims" at trial.

## ARGUMENT

### I. The Government Should Be Prohibited from Referring to, or Eliciting Testimony about, Mr. Abrego's Involvement in a Human *Trafficking* Conspiracy

The Court should prohibit the government from referring to, or eliciting testimony about, Mr. Abrego's involvement in a human *trafficking* conspiracy for at least three independently

---

[3] *See, e.g.*, *Tom Homan Rips Judge's 'Radical' Alligator Alcatraz Ruling*, Fox News (Aug. 28, 2025), https://www.foxnews.com/video/6377571414112 (describing Mr. Abrego as "a gang member, terrorist, wife beater, pedophile, human trafficker, [and] alien smuggler").

sufficient reasons. *First*, and most obviously, any references to human trafficking are irrelevant under Federal Rule of Evidence 401 because Mr. Abrego has been charged with human smuggling offenses, not human trafficking crimes, and because there is no evidence whatsoever that Mr. Abrego ever participated in a scheme to traffic anyone. That is, baseless and unsupported references to human trafficking at trial would do nothing to make it more or less likely that Mr. Abrego participated in the human smuggling scheme charged in the indictment. Fed. R. Evid. 401.

*Second*, references to Mr. Abrego's involvement in human trafficking also run afoul of Federal Rule of Evidence 403. As this Court well knows, Rule 403 states that a court "may exclude relevant evidence if its probative value is substantially outweighed by. . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice" occurs when evidence has "the undue tendency to suggest a decision based on improper considerations." *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020). Reference to, or testimony about, Mr. Abrego's involvement in a human trafficking scheme easily meets that threshold. Indeed, testimony or arguments to the jury along these lines would—in addition to violating Rule 403—be an extension of this government's prolonged effort to disparage Mr. Abrego and falsely portray him as a dangerous criminal who has committed horrific crimes. *See, e.g.*, *Mueller v. Deutsche Bank Aktiengesellschaft*, 777 F. Supp. 3d 329, 332 (S.D.N.Y. 2025) (characterizing "human trafficking" as a "horrific crime"). References to "human trafficking" would also mislead the jury and confuse the issues for many of the same reasons—including that jurors will likely be confused by testimony about an offense that lacks an evidentiary basis and is not referenced in the jury instructions or the verdict form.

*Third*, the government has never provided notice in accordance with Federal Rule of Evidence 404(b) of its intent to admit evidence of Mr. Abrego's alleged status as a "human

trafficker" or involvement in a human trafficking conspiracy. (Dkt. 223). Given this failure, any reference to or testimony about Mr. Abrego's involvement in human trafficking is inadmissible. *United States v. Gonzalez*, 501 F.3d 630, 638 (6th Cir. 2007) ("[T]he remedy for an unexcused violation of Rule 404(b)'s notice requirement is exclusion of the evidence.").

In sum, Mr. Abrego's request is an unremarkable one. He merely asks the Court to preclude the government from flouting the Federal Rules of Evidence by referencing or eliciting testimony about his alleged involvement in a crime he was never charged with committing where the references or testimony lack any basis in fact. Because any reference to allegations of human trafficking at trial would violate Rules 401, 403, and 404(b) and result in substantial prejudice to him, Mr. Abrego respectfully submits that the Court should enter an order precluding the government from referencing it.

## II. The Court Should Prohibit the Government from Referring to any Participants in the Alleged Smuggling Scheme as "Victims" or "Alleged Victims"

The Court should likewise prohibit the government from referring to any participants in the alleged human smuggling scheme as "victims" or "alleged victims" because, as HSI has admitted and Magistrate Judge Holmes has pointed out, Mr. Abrego is accused of crimes that involve participants, not "victims." The Cornerstone Report, *Human Trafficking vs Human Smuggling*, Vol. XIII, No. 1, Summer 2017, p.1; Dkt. 43 at 4-5.

Federal courts "are divided on whether the [g]overnment should be allowed to use the term 'victim' in front of the jury." *United States v. Crooks*, No. 3:23-PO-84, 2024 WL 3760291, at *7 (S.D. Ohio Aug. 12, 2024). At least one district court in this Circuit has granted a defendant's "request to preclude any references to a witness as a 'victim,' but permitted other witnesses to refer to that witness as an 'alleged victim.'" *United States v. Sibley*, No. 2:14-cr-196, 2015 WL 13333853, at *2 (S.D. Ohio May 5, 2015). Other courts have decided that, if the term "victim" is

used during trial, a limiting instruction "must be given to clarify that anyone referred to as a 'victim' is either an alleged victim of the crime or a victim of the alleged crime." *United States v. Tawfik*, No. CR 17-20183, 2022 WL 866395, at *7 (E.D. Mich. Mar. 23, 2022) (citing cases). This approach makes sense—so far as it goes. After all, in many cases, a "witness's victimhood is not in dispute. A gunshot victim is a gunshot victim regardless of whether the criminal defendant being tried is ultimately convicted of pulling the trigger." *United States v. Daskal*, No. 21-CR-110 (NGG) (LB), 2023 WL 9424080, at *13 (E.D.N.Y. July 12, 2023). In such a scenario, references to a "victim" or "alleged victim" do not carry the risk of confusing the jury or unfairly prejudicing the defendant.

In Mr. Abrego's case, the situation is different. The grand jury has charged Mr. Abrego with conspiring to transport aliens and unlawfully transporting aliens. (Dkt. 3). These "transportation-based" offenses involve participants—"'individual[s] who voluntarily seek[] to gain illegal entry into a foreign country'"—not victims. (Dkt. 43 at 5 (quoting The Cornerstone Report, *Human Trafficking vs Human Smuggling*, Vol. XIII, No. 1, Summer 2017, p.1)). Given this reality, any reference by the government to "victims" or "alleged victims" where none exist would unfairly prejudice Mr. Abrego and confuse and mislead the jury by insinuating that Mr. Abrego's alleged commission of a crime that is by definition victimless left multiple victims in its wake. Fed R. Evid. Rule 403. In sum, the Court should preclude the government from making reference to "victims" or "alleged victims" at trial because any effort by the government to do so is factually inaccurate and amounts to nothing more than an attempt to convince the jury that Mr. Abrego is a "bad person who deserves punishment." *Hazelwood*, 979 F.3d at 412.

## CONCLUSION

For the foregoing reasons, Mr. Abrego respectfully requests that the Court preclude the

government from referencing or eliciting testimony about human trafficking and from referring to

participants in the alleged human smuggling scheme as "victims" or "alleged victims."

Dated: November 24, 2025  
       New York, New York

Respectfully submitted,

/s/ Sean Hecker  
Sean Hecker*  
Jenna M. Dabbs*  
David Patton*  
HECKER FINK LLP  
350 Fifth Avenue, 63rd Floor  
New York, NY 10118  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
shecker@heckerfink.com  
jdabbs@heckerfink.com  
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)  
SHERRARD ROE VOIGT & HARBISON PLLC  
1600 West End Avenue, Suite 1750  
Nashville, Tennessee 37203  
Telephone: (615) 742-4200  
Fax: (615) 742-4539  
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker