IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KILMAR ARMANDO ABREGO GARCIA,<br><br>*Defendant.* | No. 3:25-cr-115<br><br>Judge Waverly D. Crenshaw, Jr. |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S
MOTION TO EXCLUDE EXPERT TESTIMONY**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    I.    Agent Garcia's Testimony Fails to Meet the Requirements of Rule 702 ........................ 2

        A.    Agent Garcia's Testimony is Not Relevant ................................................. 3

        B.    Agent Garcia's Testimony is Not Reliable .................................................. 5

    II.    The Probative Value of Agent Garcia's Testimony Is Substantially Outweighed By the Danger of Unfair Prejudice ............................................................. 7

    III.    The Government's Disclosure Does Not Provide Adequate Notice of Agent Garcia's Testimony ................................................................................................ 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**CASES**

*Daubert v. Merrell Dow Pharms.*,
 509 U.S. 579 (1993) ................................................................................................. 2, 4

*Diaz v. United States*,
 602 U.S. 526 (2024) ...................................................................................................... 8

*Kumho Tire Co. v. Carmichael*,
 526 U.S. 137 (1999) ...................................................................................................... 3

*Nelson v. Tenn. Gas Pipeline Co.*,
 243 F.3d 244 (6th Cir. 2001) ........................................................................................ 3

*Pride v. BIC Corp.*,
 218 F.3d 566 (6th Cir. 2000) ........................................................................................ 4

*Reid v. Georgia*,
 448 U.S. 438 (1980) ...................................................................................................... 7

*Salem v. U.S. Lines Co.*,
 370 U.S. 31 (1962) ........................................................................................................ 3

*United States v. Amuso*,
 21 F.3d 1251 (2d Cir. 1994) ......................................................................................... 3

*United States v. Ayala-Bojorquez*,
 No. 2:21-cr-00890 (D.N.M. Jun 23, 2021) .................................................................. 2

*United States v. Baldwin*,
 418 F.3d 575 (6th Cir. 2005) ........................................................................................ 8

*United States v. Beltran-Rios*,
 878 F.2d 1208 (9th Cir. 1989) ...................................................................................... 7

*United States v. Brandon*,
 No. 3:15-cr-00088, 2018 WL 2009615 (M.D. Tenn. Apr. 30, 2018) ...................... 11

*United States v. Bravo*,
 No. 3:14-00100-1, 2015 WL 1650287 (M.D. Tenn. Apr. 14, 2015) ........................ 6

*United States v. Brito*,
 136 F.3d 397 (5th Cir. 1998) ........................................................................................ 8

*United States v. Capleton*,
  199 F.R.D. 25 (D. Mass. 2001) ............................................................................................... 10

*United States v. Castillo*,
  924 F.2d 1227 (2d Cir. 1991) ................................................................................................... 3

*United States v. Freeman*,
  730 F.3d 590 (6th Cir. 2013) .................................................................................................... 3

*United States v. Gochez-Robles*,
  No. 1:09-cr-02266 (D.N.M. Aug 11, 2009) ............................................................................. 2

*United States v. Gonzalez-Rodriguez*,
  621 F.3d 354 (5th Cir. 2010) .................................................................................................... 7

*United States v. Hankison*,
  No. 3:22-cr-84-RGJ, 2024 WL 4468653 (W.D. Ky. Oct. 10, 2024) ....................................... 10

*United States v. Harris*,
  192 F.3d 580 (6th Cir. 1999) .................................................................................................... 2

*United States v. Hernandez-Cuartas*,
  717 F.2d 552 (11th Cir. 1983) .................................................................................................. 8

*United States v. Khalil*,
  No. 22-cr-20200, 2024 WL 4988983 (E.D. Mich. Dec. 5, 2024) ........................................... 10

*United States v. Langan*,
  263 F.3d 613 (6th Cir. 2001) .................................................................................................... 4

*United States v. Lui*,
  941 F.2d 844 (9th Cir. 1991) .................................................................................................... 7

*United States v. Maples*,
  60 F.3d 244 (6th Cir. 1995) .................................................................................................... 11

*United States v. Mejia*,
  545 F.3d 179 (2d Cir. 2008) ..................................................................................................... 4

*United States v. Miller*,
  No. 23-5485, 2024 WL 3760328 (6th Cir. Aug. 12, 2024) ...................................................... 5

*United States v. Norwood*,
  16 F. Supp. 3d 848 (E.D. Mich. 2014) ..................................................................................... 5

*United States v. Quigley*,
   890 F.2d 1019 (8th Cir. 1989) .................................................................................. 7

*United States v. Rios*,
   830 F.3d 403 (6th Cir. 2016) ............................................................................ 3, 4, 5

*United States v. Stapleton*,
   No. 7:12-cr-00011, 2013 WL 5966122 (E.D. Ky. Nov. 8, 2013) ......................... 8, 9

*United States v. Stone*,
   279 F.R.D. 434 (E.D. Mich. 2012) ......................................................................... 5

*United States v. Strickland*,
   No. 3:16-00177, 2017 WL 5517258 (M.D. Tenn. Nov. 17, 2017) ......................... 6

*United States v. Vaughan*,
   No. 4:22-cr-162, 2025 WL 964024 (E.D. Tex. Mar. 31, 2025) .............................. 8

*United States v. Ward*,
   Nos. 96-5731, 96-5892, 1998 WL 45491 (6th Cir. Jan. 27, 1998) ......................... 8

*United States v. Whyte*,
   795 F. App'x 353 (6th Cir. 2019) ........................................................................... 4

*W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*,
   300 F. Supp. 2d 600 (W.D. Tenn. 2004) ................................................................ 4

**FEDERAL STATUTES**

8 U.S.C. § 1324 .................................................................................................................. 1

**FEDERAL RULES**

Fed R. Evid. 702 ....................................................................................................... 1, 2, 3

Fed R. Evid. 704 ................................................................................................................ 8

Fed. R. Crim. P. 16 ............................................................................................. 1, 9, 10, 11

Fed. R. Evid. 403 ........................................................................................................... 7, 9

**OTHER AUTHORITIES**

Fed. R. Crim. P. 16, advisory committee notes to 1993 amendment............................................ 10

Fed. R. Crim. P. 16, advisory committee notes to 2022 amendment........................................ 9, 10

Fed. R. Evid. 702, advisory committee notes to 2000 amendment ................................................. 5

# PRELIMINARY STATEMENT

Defendant Kilmar Armando Abrego Garcia moves to exclude the testimony of the government's proffered human smuggling expert, Border Patrol Agent Victor H. Garcia, Jr. Agent Garcia's testimony is neither relevant nor reliable under Federal Rule of Evidence 702. Even if qualified as an expert, Agent Garcia's opinions consist of unfairly prejudicial profiling that substantially outweighs their probative value, and are thus inadmissible under Rule 403. Finally, in the event the Court does not exclude Agent Garcia's testimony as irrelevant, unreliable, or unfairly prejudicial, the Court should order the government to make an adequate disclosure of Agent Garcia's planned testimony under Rule 16(a)(1)(A).

# BACKGROUND

Mr. Abrego is charged with unlawful transportation of undocumented individuals under 8 U.S.C. § 1324(a)(1)(A)(ii) and conspiracy to transport undocumented individuals under 8 U.S.C. § 1324(a)(1)(A)(v)(I). (Dkt. 3). On November 3, 2025, the government disclosed its intent to call two expert witnesses: FBI Agent Carla Rexing and Agent Garcia. (Dkt. 209 at 1). Mr. Abrego objects to the expert testimony of Agent Garcia.

The government's notice states that Agent Garcia will testify to "his experience with human smuggling investigations involving illegal aliens who cross the border into the United States and are transported further into the United States by smugglers," "how human smuggling rings work," "how [human smuggling rings] are maximized for profit," "how smugglers generally transport illegal aliens without personal effects such as clothes and luggage, use different routes and travel at night to avoid detection, [and] craft cover stories to provide if stopped by law enforcement," and "other aspects of his experience in human smuggling investigations." (Dkt. 209 at 5). The notice provides no further detail as to Agent Garcia's planned testimony.

1

In addition to the brief summary of Agent Garcia's planned testimony, the government filed an up-to-date copy of Agent Garcia's CV. (Dkt. 209-2). According to that CV, Agent Garcia has served as a Border Patrol Agent in New Mexico since 2006. (*Id.* at 1-2). His work as a Border Patrol Agent has included investigating human smuggling cases in New Mexico; in 2008, he won an award for his participation in the dismantling of a smuggling organization known as the "Taos Alien Smuggling Organization." (*Id.* at 4). Agent Garcia's CV also lists several trainings that he has completed as a Border Patrol Agent, none of which appear to relate to human smuggling. (*Id.* at 2-3).

The government's November 3, 2025 notice also indicated that the government would supplement its disclosure with a list of Agent Garcia's testimony over the past four years. (Dkt. 209 at 5). On November 15, 2025, Acting United States Attorney Robert E. McGuire informed defense counsel by email that Agent Garcia had previously testified as a human smuggling expert only once: in January 2010 in *United States v. Gochez-Robles*, No. 1:09-cr-02266 (D.N.M. Aug 11, 2009).[1] Mr. McGuire also informed defense counsel that he believed Agent Garcia was preparing to testify in another human smuggling case the week of November 17, 2025, but did not provide the caption of that case.

## ARGUMENT

### I. Agent Garcia's Testimony Fails to Meet the Requirements of Rule 702

Federal Rule of Evidence 702 places a "special obligation upon the trial court to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Harris*, 192 F.3d 580, 588 (6th Cir. 1999) (quoting *Daubert v. Merrell Dow Pharms.*, 509

---

[1] In 2022, Agent Garcia testified as an expert on the individualized immigration records kept by USCIS in *United States v. Ayala-Bojorquez*, No. 2:21-cr-00890 (D.N.M. Jun 23, 2021).

U.S. 579, 589 (1993)); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (holding the court's "gatekeeping obligation applies…to all expert testimony").

It is the government's burden to show by a preponderance of proof that expert testimony is both relevant and reliable under Rule 702. *See Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001). The government has failed to show either.

### A. Agent Garcia's Testimony Is Not Relevant

Under Rule 702, expert testimony is relevant only where it is "beyond the ken of the average juror." *United States v. Rios*, 830 F.3d 403, 413 (6th Cir. 2016) (quoting *United States v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994)); *see also United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013) ("A witness, lay or expert, may not form conclusions for a jury that they are competent to reach on their own."). "In cases involving law-enforcement experts, [the Sixth Circuit has] interpreted this to mean that the district court, in performing its gatekeeping role, must assess whether, without expert testimony, the average juror is unlikely to understand the material about which the expert proposes to testify." *Rios*, 830 F.3d at 413 (cleaned up). It is "manifest error" for the court to admit expert testimony whose "subject matter…is not beyond the ken of the average juror." *Id.* (quoting *Amuso*, 21 F.3d at 1263); *see also United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991) (expert testimony is "unnecessary and properly excludable where 'all the primary facts can be accurately and intelligibly described to the jury, and…they, as [persons] of common understanding, are…capable of comprehending the primary facts and of drawing correct conclusions from them'" (quoting *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962))).

The Sixth Circuit has repeatedly cautioned that law enforcement officers, in particular, may not testify to matters within the understanding of the ordinary juror. As it has explained, "[a]n increasingly thinning line separates the legitimate use of an officer expert to translate esoteric terminology or to explicate an organization's hierarchical structure from the illegitimate and

3

impermissible substitution of expert opinion for factual evidence." *Rios*, 830 F.3d at 414 (quoting *United States v. Mejia*, 545 F.3d 179, 190 (2d Cir. 2008)). A law enforcement expert may neither "relay the government's theory of the case to the jury under the guise of jargon interpretation, or…interpret plain English statements that a reasonable juror could understand on their own." *United States v. Whyte*, 795 F. App'x 353, 360 (6th Cir. 2019) (cleaned up).

To the extent the government's notice lists opinions to which Agent Garcia intends to testify, those opinions are well within "the ken of the average juror." For example, Agent Garcia intends to testify that smugglers "use different routes and travel at night to avoid detection." (Dkt. 209 at 5). Expert testimony is neither required nor helpful to explain that someone seeking to avoid detection would vary their routes and travel in the dark. Nor is expert witness testimony helpful to explain that individuals seeking to avoid detection might "craft cover stories to provide if stopped by law enforcement." (*Id.*). Jurors are certainly capable of comprehending, without the assistance of an expert, that an individual committing a crime might also plan to lie if caught.

To be relevant, expert testimony must also "'fit' the facts of the case." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 300 F. Supp. 2d 600, 605 (W.D. Tenn. 2004); *see also Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *Daubert*, 509 U.S. at 591. In *United States v. Langan*, for example, the Sixth Circuit affirmed the district court's exclusion of expert witness testimony offered to impeach a witness's identification of the defendant. 263 F.3d 613, 623-24 (6th Cir. 2001). The court explained that the testimony did not "fit" the facts of the case because it "would not have been based on any personal knowledge of [the witness], but rather on [the expert's] general knowledge about the type of circumstances in which she had found herself." *Id.* Similarly, the government's notice here provides no connection between Agent Garcia's testimony and the facts in this case. (Dkt. 209 at 5). In fact, there is no

4

indication in the notice that Agent Garcia is even aware of the allegations against Mr. Abrego. By failing to show how Agent Garcia's testimony "fits" the facts of Mr. Abrego's case, the government has failed to show that Agent Garcia's testimony is relevant.

### B. Agent Garcia's Testimony Is Not Reliable

The government has likewise failed to show that the opinions to which Agent Garcia will testify are reliable. "[E]xpert witnesses may rely upon their own experiences and specialized knowledge, so long as the witness explains how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Miller*, No. 23-5485, 2024 WL 3760328, at *7 (6th Cir. Aug. 12, 2024) (quoting Fed. R. Evid. 702 advisory committee's notes to 2000 amendment). The government has provided no information as to how Agent Garcia's "experience leads to the" opinions he will testify to. Nor has the government provided any connection between Agent Garcia's experience and the facts of Mr. Abrego's case. The government has therefore failed to meet its burden to show that Agent Garcia's experience qualifies him to testify in this case.

Even a cursory review of Agent Garcia's CV reveals that he is not, in fact, qualified to testify to the allegation that Mr. Abrego unlawfully transported undocumented individuals. In cases involving expert testimony related to gangs, the Sixth Circuit has held that "[g]iven the variation in practices," expert testimony "is *reliable* only insofar as it is based on significant experience with the gang about which the expert is testifying." *Rios*, 830 F.3d at 414; *see also United States v. Norwood*, 16 F. Supp. 3d 848, 861 (E.D. Mich. 2014) ("[E]xpertise usually arises from the officer's significant experience investigating a particular gang."). Courts have therefore excluded expert testimony where the expert lacked "experience and familiarity" with the relevant group, and instead sought to "discuss[] matters largely outside of the facts of [the] case." *United States v. Stone*, 279 F.R.D. 434, 441 (E.D. Mich. 2012). Here, the government alleges that Mr.

5

Abrego "transported illegal aliens as part of a wide-ranging, long running criminal conspiracy" involving multiple co-conspirators and more than 100 trips across the United States. (Dkt. 223 at 2; *see also* Dkt. 177 at 2-4). Yet the government has failed to provide any indication that Agent Garcia is even aware of that "long running" conspiracy, much less an expert in its operation. Nor has the government provided any evidence to suggest that Agent Garcia is an expert in conspiracies similar to the one in which Mr. Abrego allegedly participated.

Even if generalized expertise in human smuggling, and, most relevant here, the unlawful transportation of undocumented aliens within the United States, were sufficient to qualify Agent Garcia as an expert here, the government has not shown that Agent Garcia has such expertise. Although Agent Garcia's experience as a Border Patrol Agent includes investigating human smuggling cases, his CV does not indicate that he has ever received specialized training related to smuggling. (Dkt. 209-2 at 2-3). Furthermore, Agent Garcia's experience investigating human smuggling appears to be entirely limited to the state of New Mexico, which, given New Mexico's proximity to the U.S.-Mexico border, suggests that his experience is more likely related to the bringing of individuals into the United States as opposed to the unlawful transportation of undocumented individuals already present—the crime that Mr. Abrego is actually charged with. (*Id.* at 1-4).[2] Moreover, the government alleges that Mr. Abrego transported undocumented

---

[2] The term "human smuggling" is often used interchangeably to discuss the transportation of individuals into the United States or the transportation of undocumented individuals already present in the United States. *Compare United States v. Strickland*, No. 3:16-00177, 2017 WL 5517258, at *1 (M.D. Tenn. Nov. 17, 2017) (noting that HSI received an anonymous tip that defendant "smuggled a young woman…into the United States from Honduras") *with United States v. Bravo*, No. 3:14-00100-1, 2015 WL 1650287, at *2 (M.D. Tenn. Apr. 14, 2015) (charging defendants with "human smuggling" for transporting undocumented individuals within the United States). Because Mr. Abrego has been charged with the latter—transporting undocumented individuals within the United States—the inquiry into Mr. Garcia's expertise is not simply whether he has expertise on "smuggling" generally, but rather, on transporting undocumented individuals present in the United States.

6

individuals through Texas, Arkansas, Tennessee, Missouri, Kentucky, Virginia, and Maryland, but not New Mexico. (Dkt. 209 at 3). Agent Garcia's lack of training in the transportation of undocumented individuals or experience investigating such conduct in the relevant geographic areas undermines the reliability of his testimony.

II. **The Probative Value of Agent Garcia's Testimony Is Substantially Outweighed By the Danger of Unfair Prejudice**

Under Federal Rules of Evidence 403, evidence should be excluded if its probative value "is substantially outweighed by a danger of…unfair prejudice." To the extent the government has provided the defense with notice of the opinions Agent Garcia plans to testify to, those opinions are minimally probative and unfairly prejudicial.

The opinions attributed to Agent Garcia in the government's notice are "inherently prejudicial" profiling testimony. *See United States v. Lui*, 941 F.2d 844, 847 (9th Cir. 1991) (quoting *United States v. Beltran-Rios*, 878 F.2d 1208, 1210 (9th Cir.1989)). A profile is "a somewhat informal compilation of characteristics believed to be typical of persons" engaging in unlawful conduct, including, for example, methods and timing of travel. *Lui*, 941 F.2d at 847 (quoting *Reid v. Georgia,* 448 U.S. 438, 440 (1980) (per curiam)); *United States v. Quigley*, 890 F.2d 1019, 1023 (8th Cir. 1989) (profile characteristics included flight timing, seat location, and payment in cash). Here, Agent Garcia intends to present profiling evidence that "smugglers generally transport illegal aliens without personal effects such as clothes and luggage, use different routes and travel at night to avoid detection, [and] craft cover stories to provide if stopped by law enforcement." (Dkt. 209 at 5).

Profile evidence is inadmissible under Rule 403 "to prove substantive guilt based on similarities between defendants and a profile" because its "probative value [is] low in relation to its prejudicial effect." *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 364 (5th Cir. 2010)

7

(quoting *United States v. Brito*, 136 F.3d 397, 412 (5th Cir. 1998)). As the Eleventh Circuit has explained in a similar context:

> Drug courier profiles are inherently prejudicial because of the potential they have for including innocent citizens as profiled drug couriers. Generally, the admission of this evidence is nothing more than the introduction of the investigative techniques of law enforcement officers. Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officers in investigating criminal activity.

*United States v. Hernandez-Cuartas*, 717 F.2d 552, 555 (11th Cir. 1983).

Here, Agent Garcia intends to present classic profiling evidence identifying traits law enforcement officers rely upon, as a general matter, to identify smugglers. The characteristics Agent Garcia lists—travelling at night, on different routes, or without personal effects—could apply to "innocent citizens" with long-distance commutes as easily as they could apply to individuals unlawfully transporting undocumented passengers. The generalized testimony Agent Garcia intends to give is therefore highly prejudicial.[3]

Although the probative value of profile evidence may, in some cases, outweigh its prejudicial nature, that is not the case here. Profile evidence may be admissible "when it is introduced to demonstrate why the defendant was stopped for investigation, to rebut inferences raised by the defendant's testimony, or to show modus operandi." *United States v. Baldwin*, 418 F.3d 575, 581 (6th Cir. 2005) (quoting *United States v. Ward*, Nos. 96-5731, 96-5892, 1998 WL 45491, at *5 (6th Cir. Jan. 27, 1998)). For example, in *United States v. Stapleton*, the district court

---

[3] Profiling evidence would also be a highly prejudicial backdoor into prohibited expert testimony about Mr. Abrego's mental state. *See, e.g.*, *Diaz v. United States*, 602 U.S. 526, 535-36 (2024) (explaining that Rule 704(b) prohibits expert witnesses from testifying to a particular defendant's mental state, or from testifying to the mental state of all members of a group of which the defendant is a part). An expert witness may not, through profile evidence or in any other way, "seek[] to lump [the defendant] in with" every human smuggler. *United States v. Vaughan*, No. 4:22-cr-162, 2025 WL 964024, at *4 (E.D. Tex. Mar. 31, 2025) (citing *Diaz*, 602 U.S. at *4).

permitted profile evidence to show modus operandi where the criminal conspiracy—a pill mill—was "cloaked in the guise of medical legitimacy" and therefore "beyond the competence of lay jurors," making expert testimony "particularly probative." No. 7:12-cr-00011, 2013 WL 5966122, at *7 (E.D. Ky. Nov. 8, 2013). Agent Garcia's testimony is not sufficiently probative of modus operandi to counterbalance its prejudicial nature.[4] Smuggling operations are neither cloaked in legitimacy nor beyond the competence of a lay juror. Agent Garcia's testimony is therefore not "particularly probative," and must be excluded under Rule 403.[5]

### III. The Government's Disclosure Does Not Provide Adequate Notice of Agent Garcia's Testimony

"[T]o ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment," Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to disclose "a complete statement of all opinions that the government will elicit from [an expert] witness in its case- in-chief" and "the bases and reasons for those opinions." Fed. R. Crim. P. 16, advisory committee's notes to 2022 amendment. With respect to Agent Garcia, the government has disclosed neither.

Recent amendments to Rule 16 emphasize the need for specific and detailed expert witness disclosures. Rule 16's expert witness disclosure requirements are "intended to minimize surprise that often results from unexpected expert testimony" and "to provide the opponent with a fair

---

[4] Agent Garcia's testimony is not related to the reason Mr. Abrego was stopped, and the government has not indicated that it will be offered as rebuttal evidence. (*See* Dkt. 151; Dkt. 175; Dkt. 189; Dkt. 209).

[5] Even in *Stapleton*, where the court permitted profile testimony, the court refused to permit the expert witness to "offer a point by point examination of profile characteristics with specific reference to the defendant," because doing so would create "a particularly acute risk the jury will convict simply because the defendant fits the profile." *Stapleton*, 2013 WL 5966122, at *7 (cleaned up). To the extent the Court permits Agent Garcia to offer profile evidence, it should similarly limit his testimony to a discussion of smuggling operations generally, leaving "applying that testimony to the facts of this case…up to the jury." *Id.*

9

opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, advisory committee notes to 1993 amendment. In 2022, the Advisory Committee amended Rule 16(a)(1)(G) to address a "shortcoming[] of the prior provisions on expert witness disclosure: the lack of adequate specificity regarding what information must be disclosed." Fed. R. Crim. P. 16, advisory committee notes to 2022 amendment. Until 2022, Rule 16(a)(1)(G) required only a "written summary" of an expert's expected testimony. In 2022, the Advisory Committee deleted the phrase "written summary" and "substitute[d] specific requirements that the parties provide 'a complete statement' of the witness's opinions, [and] the bases and reasons for those opinions." *Id*.

An expert witness disclosure that identifies "only topics, not opinions" is insufficient. *United States v. Khalil*, No. 22-cr-20200, 2024 WL 4988983, at *5 (E.D. Mich. Dec. 5, 2024); *see also United States v. Hankison*, No. 3:22-cr-84-RGJ, 2024 WL 4468653, at *3 (W.D. Ky. Oct. 10, 2024). With respect to Agent Garcia, the government's expert witness notice provides an extraordinarily broad list of topics, including "how human smuggling rings work," "how [human smuggling rings] are maximized for profit," and "other aspects of his experience in human smuggling investigations." (Dkt. 209 at 5). Those are not opinions, and do not provide the defense with adequate information to "minimize surprise" or prepare for cross-examination.

Because the government's notice is plainly inadequate, Mr. Abrego requests that in the event the Court does not exclude Agent Garcia's testimony—because his purported testimony is irrelevant, unreliable, or prejudicial—the Court should require the government to provide the defense with a complete statement of the opinions to which Agent Garcia will testify and the bases for those opinions, consistent with the requirements of Rule 16. *See United States v. Capleton*, 199 F.R.D. 25, 28 (D. Mass. 2001) (ordering the government to make a complete Rule 16 disclosure).

10

Under Rule 16, where a party fails to comply with its notice obligations, the court may "order that party to permit the discovery," "grant a continuance," "prohibit that party from introducing the undisclosed evidence," or "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d). In determining the appropriate sanction for a Rule 16 violation, courts will impose the "least severe sanction" that will adequately cure the prejudice to the defendant. *See United States v. Brandon*, No. 3:15-cr-00088, 2018 WL 2009615, at *4 (M.D. Tenn. Apr. 30, 2018) (quoting *United States v. Maples*, 60 F.3d 244, 247-48 (6th Cir. 1995)). At this stage, that appropriate sanction is an order requiring the government to provide adequate notice under Rule 16, and permitting the defense to raise additional objections, if necessary, following that disclosure. In the event the government fails to comply with such an order, the Court should order that Agent Garcia's testimony be excluded. *See id.*

## CONCLUSION

For the foregoing reasons, Mr. Abrego respectfully requests that the Court exclude the expert testimony of Agent Garcia.

Dated: November 24, 2025  
      New York, New York

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

11

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker