UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-cr-00115 |
| | ) |
| KILMAR ARMANDO ABREGO GARCIA, | ) SEALED |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Two motions are pending before the Court: Kilmar Armando Abrego Garcia's ("Abrego") motion to compel discovery relevant to his motion to dismiss for vindictiveness and selective prosecution, (Doc. No. 159), and the government's motion to quash subpoenas for Department of Justice ("DOJ") Officials Todd Blanche ("Blanche"), Aakash Singh ("Singh"), and James McHenry ("McHenry") to testify at the evidentiary hearing on the motion to dismiss. (Doc. No. 181).

The Court has reviewed in camera over 3,000 documents that the government produced for review. For the reasons that follow, the Court will: (1) grant in part Abrego's motion to compel discovery (Doc. No. 159) and require the government to disclose to Abrego a sub-set of the over 3,000 documents that are relevant to the narrow issue of whether the government's new decision to prosecute Abrego, after deciding not to do so, "was tainted by improper motivation" arising from Abrego's success in the Maryland civil case, United States v. Adams, 870 F.2d 1140, 1141 (6th Cir. 1989); (2) deny in part, in all other respects, Abrego's motion to compel discovery (Doc. No. 159); and (3) order further briefing on the government's motion to quash that gives full consideration of the documents the government must produce.

## I. BACKGROUND

Previously, the Court concluded that there is a "realistic likelihood of vindictiveness" entitling Abrego to discovery and an evidentiary hearing on his motion to dismiss. (Doc. No. 138 at 1, 15). When the parties were unable to agree to discovery, (Doc. Nos. 146–48), Abrego moved to compel. (Doc. No. 159). Although the government opposed the motion to compel, it alternatively requested in camera review, which the Court granted to "decide whether a production to Abrego is necessary." (Doc. No. 186; see Doc. No. 185 at 7).

The government produced for in camera review thousands of documents that have been filed under seal on the docket. (Doc. Nos. 224–27, 229). The government's document productions contain hundreds of duplicative copies of Abrego's immigration file, as well as internal communications among investigators, attorneys and others that have no relevance to the motion to dismiss. Those documents need not be produced. Still, having reviewed all of the documents provided by the government, the Court finds that some of the documents are relevant to the motion to dismiss. Those documents must be produced to Abrego under a protective order.

The Court's in camera review of the government's document productions was guided by the timeline of events that led to the government's decision to prosecute Abrego after initially deciding not to prosecute him, but to remove him to another country. The Court identified the following dates as relevant to that new decision: November 2022 and March, April, May and June 2025. November 30, 2022 is important because that is when Abrego was pulled over for speeding by Tennessee Highway Patrol Officers ("THP") in Putnam County, Tennessee. THP did not issue Abrego a traffic ticket or detain him. However, THP referred Abrego's case to Homeland Security Investigations ("HSI") based on suspicions of human trafficking.

The 2025 dates are pertinent because this is when the government decided to deport Abrego to El Salvador without bringing criminal charges against him, when Abrego successfully challenged his deportation to El Salvador, and when the government changed its mind, returned him to the United States and initiated criminal proceedings against him. No action was taken on the November 2022 traffic stop until March 12, 2025, when Abrego was arrested and interviewed by Homeland Security officials. (Doc. No. 176). This custodial interview included questioning about the November 30, 2022 traffic stop, during which Abrego allegedly made admissions about his activities in November 2022. (Doc. No. 157-3). Nevertheless, in March 2025, Abrego was not charged with human smuggling or any other crime. Instead, "[o]n March 15, 2025, the [government] removed [Abrego] from the United States to El Salvador," based on what it later admitted was an "administrative error." Noem v. Abrego Garcia, 604 U.S. ----, 145 S. Ct. 1017, 1018 (2025). Nine days after his removal from the United States, Abrego brought a civil lawsuit in the District of Maryland, challenging his removal to El Salvador and seeking an injunction requiring his return to Maryland. Abrego Garcia v. Noem, 777 F. Supp. 3d 501, 510 (D. Md. 2025).

On April 1, 2025, after his removal from the United States, HSI closed its human trafficking investigation on Abrego. (Doc. No. 224 at Abrego-Garcia001198). Then, on April 4, 2025, the Maryland District Court ordered the government to "facilitate" Abrego's return to the United States. Abrego Garcia v. Noem, 2025 WL 1024654, at *1 (D. Md. Apr. 4, 2025); as amended, 2025 WL 1085601 (D. Md. Apr. 10, 2025). The Fourth Circuit Court of Appeals and the Supreme Court agreed with the District Court that the government must "facilitate" Abrego's return. See Abrego Garcia, 145 S. Ct. at 1018; Abrego Garcia v. Noem, 2025 WL 1021113, at *1 (4th Cir. Apr. 7, 2025). The Fourth Circuit issued its decision on April 7, 2025. Abrego Garcia, 2025 WL

3

1021113, at *1. The Supreme Court issued its decision on April 10, 2025. <u>Abrego Garcia</u>, 145 S. Ct. at 1018.

Less than a month later, on May 21, 2025, a Middle District of Tennessee grand jury presented a two-count indictment against Abrego arising from the November 30, 2022 traffic stop. (Doc. No. 3). An arrest warrant issued, prompting the United States to return Abrego from El Salvador. (Doc. No. 5). Abrego was arrested on June 6, 2025, and was brought to this District. (Doc. No. 9).

## II. **DISCUSSION**

The cornerstone of Abrego's motion to dismiss is that the decision to prosecute him was in retaliation for his success in the Maryland District Court. Indeed, at the time of Abrego's arrest, Blanche linked Abrego's criminal charges to his successful civil lawsuit in Maryland. During a television interview, Blanche volunteered that the government started "investigating" Abrego after "a judge in Maryland . . . questioned" the government's decision, found that it "had no right to deport him," and "accus[ed] [the government] of doing something wrong." <u>Kilmar Abrego Garcia was indicted on 'very serious' charges, US deputy attorney general says</u>, Fox News (June 6, 2025), https://www.foxnews.com/video/6373969491112. Abrego relies upon Blanche's statements to support his motion to dismiss. Notwithstanding Blanche's remarks, the government's primary argument that it did not prosecute Abrego in retaliation is that Acting U.S. Attorney Robert McGuire ("McGuire") made the decision to seek an indictment.

A portion of the documents produced by the government must be produced in discovery because they may support Abrego's argument. Specifically, some of the documents suggest not only that McGuire was not a solitary decision-maker, but he in fact reported to others in DOJ and the decision to prosecute Abrego may have been a joint decision, with others who may or may not

4

have acted with an improper motivation. The documents that must be produced connect back to Blanche because the documents suggest that Singh had a leading role in the government's decision to prosecute and Singh works in Blanche's office.

The documents identified in the timeline below must be produced.

| March 12 and 15, 2025 | Abrego arrested and removed to El Salvador from the United States. Report of interview. | Doc. No. 224 | 001198 – 001199; 001214 – 001217 |
|---|---|---|---|
| April 1, 2025 | HSI closes Abrego file regarding alleged MS-13 Human Trafficking/Smuggling. Opened on December 22, 2022. (Doc. No. 224, page ID 2170 and 2171) | Doc. No. 224 | 001198 – 001199 |
| April 4, 2025 | United States District Court for Maryland orders the government to "facilitate" Abrego's return to the United States | | |
| April 7, 2025 | The United States Court of Appeals for the Fourth Circuit affirms decision of the District Court. | | |
| April 10, 2025 | The United States Supreme Court affirms decision of the Circuit and District courts. | | |
| April 27, 2025 | McGuire receives HSI file on Abrego. (Doc. No. 121-1). Aakash Singh email requests time to discuss Abrego's cooperating witness with Assistant Attorneys General in Tennessee, Alabama and Texas, including McGuire. | Doc. No. 229 | 000001 |
| April 28, 2025 | Aakash Singh receives Tennessee Highway Patrol report on Abrego. | Doc. No. 227 | 002927 – 002931 |

| April 30, 2025 | Aakash Singh receives email from Assistant Attorneys General in Tennessee, Alabama and Texas regarding Abrego's cooperating witness and his appearance before the grand jury. | Doc. No. 229 | 000003 |
|---|---|---|---|
| April 30, 2025 | Emails between Aakash Singh, McGuire and Jacob Warren, regarding criminal charges arising from the November 2022 Abrego traffic stop. Singh writes "It's a top priority." McGuire writes "we want the high command looped in." | Doc. No. 229 | 000007 – 000012 |
| May 15, 2025 | Robert McGuire writes regarding a possible Abrego indictment. "Ultimately, I would hope to have ODAG [Office of the Deputy Attorney General] eyes on it as we move towards a decision about whether this matter is going to ultimately be charged" and "While ultimately, the office's decision to charge will land on me. I think it makes sense to get the benefit of all of your brains and talent in this process and as we consider this case. I have not received specific direction from ODAG other than I have heard anecdotally that the DAG and PDAG would like Garcia charged sooner rather than later." | Doc. No. 229 | 000060 – 000061 |
| May 18, 2025 | Aakash Singh receives an email update on Abrego indictment, grand jury testimony, whether indictment will be sealed or open that states: "We're working over the weekend to finalize an indictment that we will send to you tomorrow night or first thing Monday." | Doc. No. 229 | 000017 - 000019 |

6

| May 20, 2025 | Aakash Singh requesting memo from McGuire and others | Doc. No. 229 | 000023 |
| May 21, 2025 | Abrego indicted by a grand jury in the Middle District of Tennessee. | | |

The central question after Abrego established a *prima facie* case of vindictiveness is what information in the government's control sheds light on its new decision to prosecute Abrego, after removing him from the United States without criminal charges. These documents show that McGuire did not act alone and to the extent McGuire had input on the decision to prosecute, he shared it with Singh and others. (Doc. No. 178-1). Specifically, the government's documents may contradict its prior representations that the decision to prosecute was made locally and that there were no outside influences. For example, Singh contacted McGuire on April 27, 2025, to discuss Abrego's case. (See Doc. No. 229 at Abrego-Garcia000001). On April 30, 2025, Singh asked McGuire what the potential charges against Abrego would be, whether the charging document would reference Abrego's alleged MS-13 affiliation, and asked for a phone call before any charges were filed. (Id. at Abrego-Garcia000007–000008). In a separate email on April 30, 2025, Singh made clear that Abrego's criminal prosecution was a "top priority" for the Deputy Attorney General's office (Blanche). (Id. at Abrego-Garcia000037). He then told McGuire to "sketch out a draft complaint for the 1324 charge [making it unlawful to bring in and harbor certain aliens]." (Id.). On May 15th, McGuire emailed his staff that "DAG (Blanche) and PDAG would like Garcia charged sooner rather than later." (Id. at Abrego-Garcia000060). Then, on May 16, 2025, counsel of record Jacob Warren emailed Singh and reported, "if the DAG (Blanche) does want to move forward with the indictment on Wednesday, we think it would be prudent to loop in the press office ASAP." (Id. at Abrego-Garcia000018–000019). Finally, on May 18, 2025, Singh emailed

McGuire and others, and instructed them to "close[ly] hold" the draft indictment until the group "g[o]t clearance," to file. (Id. at Abrego-Garcia000018). The implication is that "clearance" would come from the Office of the Deputy Attorney General, not just McGuire. (Id.). These documents must be disclosed given Abrego's reliance on Blanche's public statements and to allow the parties to present their arguments on how these documents may or may not support the motion to dismiss.

The Court recognizes the government's assertion of privileges, but Abrego's due process right to a non-vindictive prosecution outweighs the blanket evidentiary privileges asserted by the government. (Doc. No. 185 at 6) (citing United States v. Zakhari, 85 F.4th 367, 379 (6th Cir. 2023) and United States v. LaDeau, 734 F.3d 561, 566 (6th Cir. 2013)). If the work product, attorney-client, and deliberative process privileges asserted by the government precluded all discovery in the context of a vindictiveness motion, defendants would never be able to answer the question "what motivated the government's prosecution?" That would be contrary to the Sixth Circuit's approach and result in both Adams, 870 F.2d at 1146 and in Zakhari, 85 F.4th at 381, remanding the case to the district court for an evidentiary hearing (and any related discovery) after finding there was a reasonable likelihood of vindictiveness.

## III.  CONCLUSION

Abrego's motion to compel will be **GRANTED IN PART** as to the relevant documents identified above, but will be otherwise **DENIED IN PART**. The government shall immediately produce them to Abrego pursuant to a protective order. As explained, the Court requires supplemental briefing on whether these documents inform the parties' respective positions on the pending motion to quash. Accordingly, the government shall file its supplemental brief on or before **December 12, 2025**. Abrego shall file his supplement brief on or before **December 19,**

**2025**, and the government may file a reply on or before **December 23, 2025**. The hearing set for December 8 and 9, 2025, is continued until the Court rules on the motion to quash.

    IT IS SO ORDERED.

                                            _____
                                            WAVERLY D. CRENSHAW, JR.
                                            UNITED STATES DISTRICT JUDGE