IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.

KILMAR ARMANDO ABREGO GARCIA,

*Defendant.*

No. 3:25-cr-115

Judge Waverly D. Crenshaw, Jr.

**DEFENDANT KILMAR ARMANDO ABREGO GARCIA'S
RESPONSE IN OPPOSITION TO NOTICE BY THE UNITED
STATES OF INTENT TO USE 404(B) EVIDENCE IN THE
GOVERNMENT'S CASE IN CHIEF**

# TABLE OF CONTENTS

ARGUMENT ..................................................................................................................................1

    I.    The Government's Over-Reliance on the *Res Gestae* Exception ......................................1

    II.    Evidence Concerning Use of Phone Numbers ................................................................2

    III.    Alleged Third-Party Pornographic Messages Between Mr. Abrego and Witness-1 .........3

        A.    Relevant Background ................................................................................... 3

        B.    The Government's Evidence Does Not Satisfy the Requirements of Rule 404(b) ........................................................................................................... 5

            1.    There is Insufficient Evidence That Mr. Abrego Exchanged Pornographic Messages With Witness-1 ............................................................ 5

            2.    Pornographic Messages Are Not Probative of a Material Issue Other Than Character ..................................................................................................... 6

            3.    The Pornographic Messages Are Unfairly Prejudicial ............................... 8

CONCLUSION ...........................................................................................................................11

Defendant Kilmar Armando Abrego Garcia respectfully submits this response in opposition to the government's Notice of Intent to Use 404(b) Evidence. (Dkt. 223). The defense is willing to stipulate that Mr. Abrego used the two phone numbers identified in the notice for a reasonable, limited period of time (*id.* at 5-6), mooting that portion of the notice concerning the government's intent to introduce allegations of domestic violence to prove his use of those phone numbers. As for the government's intent to use alleged pornographic messages to demonstrate the relationship between Mr. Abrego and a government witness, that evidence fails to satisfy the requirements of Federal Rule of Evidence 404(b) and should be excluded.

## ARGUMENT

### I. The Government's Over-Reliance on the *Res Gestae* Exception

The government asserts that evidence it intends to introduce of "other criminal acts," including Mr. Abrego's alleged membership in MS-13 and the alleged sexual abuse of female aliens, does not implicate Rule 404(b) but instead is admissible as *res gestae* evidence—that is, evidence intrinsic to the charged offenses. But the *res gestae* exception is "not an open ended basis to admit any and all other act evidence the [government] wishes to introduce." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Courts must "keep in mind both the scope of the charges and the narrow purpose for which the *res gestae* exception exists." *United States v. Brown*, 888 F.3d 829, 838 (6th Cir. 2018) (quoting *United States v. Gibbs*, 797 F.3d 416, 425 (6th Cir. 2015)). *Res gestae* evidence properly consists only of "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 748. The exception "cannot be broadly applied to completing a story," as the government seeks to do here. *Brown*, 888 F.3d at 838.

As Mr. Abrego has explained in his motions *in limine*, evidence of his alleged membership in MS-13, trafficking of drugs and narcotics, and sexual abuse of female aliens is irrelevant to the

1

Case 3:25-cr-00115   Document 243   Filed 12/04/25   Page 3 of 14 PageID #: 4417

charged conspiracy; whatever minimal probative value such evidence arguably has would be substantially outweighed by the resulting unfair prejudice to Mr. Abrego. (Dkts. 232, 233). Given its irrelevance, it is definitionally not "necessary to telling a cogent story" about the alien transportation allegations here. *Gibbs*, 797 F.3d at 424. The government cannot rely on the *res gestae* exception to avoid the necessary, dispositive analysis under Rules 401 and 403.[1]

## II.     Evidence Concerning Use of Phone Numbers

The government's Rule 404(b) notice states that it intends to introduce records related to domestic violence allegations against Mr. Abrego for the sole purpose of proving that he used two particular cellphone numbers during two distinct periods of time. (Dkt. 223 at 5-6). The notice further states that the government "would be willing to enter into a factual stipulation with the defense" as to Mr. Abrego's cellphone usage, and that it would introduce evidence related to the domestic violence allegations only in the absence of such a stipulation. (*Id.* at 5). The defense is prepared to stipulate to the cellphone numbers Mr. Abrego used. The defense has drafted a stipulation, which the government is reviewing, and is conferring with the government on the language of that stipulation. The defense hopes and expects that the parties will be able to reach an agreement on such language. In the event, however, that the parties are unable to agree to a stipulation, the defense reserves the right to challenge the government's use of "highly inflammatory" allegations of domestic violence, *United States v. Taylor*, No. 5:22-CR-137, 2025 WL 1840596, at *2 (E.D. Ky. July 3, 2025), to prove Mr. Abrego's cellphone use.[2]

---

[1] Mr. Abrego incorporates by reference and does not repeat the arguments he made in connection with his motion *in limine* to exclude evidence of his alleged membership in MS-13, trafficking of drugs and narcotics, and sexual abuse of female aliens. (Dkts. 232, 233).

[2] Having failed to provide notice of its intent to use evidence related to the domestic violence allegations for any purpose other than to prove Mr. Abrego's cellphone usage, the government may not introduce such evidence for any other purpose at trial. *See* Fed. R. Evid. 404(b)(3)(B) ("In a criminal case, the prosecutor must…articulate in the notice the permitted purpose for which the

2

### III. Alleged Third-Party Pornographic Messages Between Mr. Abrego and Witness-1

#### A. Relevant Background

In its Rule 404(b) notice, the government indicated its intention to call a female witness ("Witness-1"), who was not involved in the charged alien smuggling conspiracy, to testify that Mr. Abrego allegedly attempted to recruit her to join the conspiracy and invited her on smuggling trips. (Dkt. 223 at 8). In connection with her testimony, the government states that it may seek to introduce Rule 404(b) evidence, specifically messages reflecting that "[w]hen Witness-1 was 15 years' old – and the defendant was 25 years' old– Witness-1 and the defendant exchanged pornographic messages and videos with each other via a messaging application," and that "the defendant asked for pornographic images of Witness 1, a minor at the time of the solicitation." (*Id.*). The government represents that it "does not intend to offer these messages as evidence during Witness-1's direct testimony," but may seek to introduce them on re-direct examination if the defense were to "attack Witness-1's personal knowledge of the defendant or Witness-1's close relationship with the defendant." (*Id.*).

The Court is familiar with this purported Rule 404(b) evidence. Witness-1 is the female witness "N.V.," whom HSI Special Agent Joseph testified about at the detention hearing and the revocation hearing. (*See* Dkt. 47 at 61-74; Dkt. 99 at 29-34, 74-76). Witness-1 is a known informant who has been previously compensated for providing information to law enforcement. (Dkt. 47 at 61-62). She was interviewed by Acting U.S. Attorney Robert McGuire and Special Agent Joseph. (Dkt. 99 at 30-31). Special Agent Joseph testified that Witness-1 told them that Mr. Abrego asked for nude images of her when she was fifteen years old over Snapchat, that she

---

prosecutor intends to offer the evidence…."); *United States v. Gonzalez*, 501 F.3d 630, 638 (6th Cir. 2007) ("[T]he remedy for an unexcused violation of Rule 404(b)'s notice requirement is exclusion of the evidence.").

3

and Mr. Abrego exchanged pictures of "adult pornography," and that Mr. Abrego asked if she had an OnlyFans account. (*Id.* at 32-34). The government also introduced two Snapchat screenshots, which depict six messages exchanged between Witness-1 and the account "soytugaa" between November 27, 2020 and December 18, 2020. (Ex. 11, Revocation Hearing). The screenshots contain a preview of a photograph that appears to be blurred out and a partial preview of another blurred out photograph; no sexually explicit images are visible in the screenshots. (*Id.*).

Before the revocation hearing, the defense requested discovery relating to Witness-1, including, specifically, her identity and information concerning any benefits conferred on her as a government witness. *See* July 13, 2025 Letter from S. Hecker to R. McGuire. The government did not respond to this request. Thereafter, the defense requested social media records and the full Snapchat history for Witness-1. *See* August 27, 2025 Letter from S. Hecker to R. McGuire. The government again did not respond to the defense's requests concerning Witness-1, other than to state generally with respect to all government witnesses that "any evidence of bias, motive to lie, or impeachment evidence have been previously described in provided interview reports." September 12, 2025 Letter from R. McGuire to S. Hecker. To date, however, no reports of interviews of Witness-1 have been provided to the defense.

Only after the government filed its Rule 404(b) notice and the defense again requested the identity of Witness-1 did the government disclose her first and last name to the defense, which matches the initials "N.V." Days ago, the government disclosed that it had records of the two Snapchat screenshots it introduced at the revocation hearing without the photographs blurred out—and that these images depicted pornography involving third-party adults, not Witness-1 or the user "soytugaa." Even though the screenshots do not depict any sexually explicit content involving minors, the government has not provided these unblurred screenshots to the defense and has

4

instead informed the defense that they can be reviewed in person at the United States Attorney's Office. The government also revealed that it does not have any other records of purported communications between Witness-1 and the account "soytugaa."

### B. The Government's Evidence Does Not Satisfy the Requirements of Rule 404(b)

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The purpose of the rule is to "prevent a jury from 'convict[ing] a bad man who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds.'" *United States v. Emmons*, 8 F.4th 454, 473 (6th Cir. 2021) (quoting *United States v. Phillips*, 599 F.2d 134, 136 (6th Cir. 1979)). Therefore, to admit evidence under Rule 404(b), courts follow a three-step process:

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)).

Here, the government has failed to establish that the "pornographic messages" allegedly exchanged between "soytugaa" and Witness-1 satisfy each of these three steps. Instead, this purported 404(b) evidence is calculated to prejudice Mr. Abrego in front of the jury by portraying him as a deviant who exchanged pornographic messages with a minor.

#### 1. There is Insufficient Evidence That Mr. Abrego Exchanged Pornographic Messages With Witness-1

First, there is insufficient evidence for the Court to make the required factual finding that Mr. Abrego and Witness-1 exchanged pornographic messages with each other. "In the Rule 404(b)

5

context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008); *see Hardy*, 228 F.3d at 750.

In arguing that the Court can make the requisite finding, the government merely asserts that it has "previously twice admitted screenshots of messages between an account associated with the Defendant and Witness-1 and submitted testimony about the same." (Dkt. 223 at 8). But the screenshots do not depict the user "soytugaa" asking for photographs of Witness-1, nor do they show that pornographic message were "exchanged." At most, the screenshots show that one of the chat participants saved what appears to be an image depicting nude bodies to the chat; it is not clear from the screenshot which of the users sent that image. (Ex. 11, Revocation Hearing).

The government also has not come forward with sufficient evidence that Mr. Abrego was the user of the "soytugaa" account at the time these messages were exchanged. At the detention and revocation hearings, Special Agent Joseph did not testify that Witness-1 knew that "soytugaa" was Mr. Abrego, nor does the discovery disclosed to the defense to date reveal that Witness-1 knew the identity of the user "soytugaa." The display name on the "soytugaa" account, as reflected in the screenshots, is "Tuma," a name that bears no connection to Mr. Abrego. Other than Special Agent Joseph's testimony that an IP address connected to the "soytugaa" account was associated with a past residence of Mr. Abrego's and was connected to another social media account purportedly belonging to Mr. Abrego (Dkt. 47 at 63; Dkt. 99 at 75), the government has proffered no other evidence that Mr. Abrego was behind the "soytugaa" account at the relevant times.

### 2. Pornographic Messages Are Not Probative of a Material Issue Other Than Character

Even if there was sufficient evidence to conclude that Mr. Abrego exchanged pornographic messages with Witness-1, this evidence is not probative of an issue other than character. At this

step, the government must demonstrate that "(1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (quoting *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003)). In a single sentence, the government asserts that the alleged pornographic messages would properly be used to show "the close relationship between the defendant and Witness-1,…because the evidence gives context to the levels of trust and familiarity the defendant had with Witness-1." (Dkt. 223 at 8-9).

The government cites no case law to support the argument that a proper Rule 404(b) purpose includes using other-acts evidence on redirect to show the "close relationship" between a defendant and a government witness who has no role in the charged crimes and is cross-examined about whether she has personal knowledge of the defendant or a close relationship with him. The government's theory is far afield from cases in which courts have permitted the government to introduce prior-acts evidence involving the defendant and a cooperating witness who participated together in the charged crimes to explain the relationship between them. For instance, in *United States v. Tasis*, 696 F.3d 623 (6th Cir. 2012), the Sixth Circuit held that a co-conspirator's testimony about a prior fraud scheme that she and the defendant had perpetrated was properly admitted under Rule 404(b) to show why the co-conspirator trusted the defendant, which made it more likely that they joined each other in the charged criminal enterprise. *Id.* at 627; *see also United States v. Pipola*, 83 F.3d 556, 565-66 (2d Cir. 1996) (Rule 404(b) evidence admissible to show relationship of mutual trust among *co-conspirators* to explain how *criminal relationship* developed). Here, any relationship between Mr. Abrego and Witness-1 is minimally probative, if at all, of whether Mr. Abrego committed the charged smuggling crimes—the government does not

Case 3:25-cr-00115    Document 243    Filed 12/04/25    Page 9 of 14 PageID #: 4423

allege that Witness-1 participated in alien smuggling or was a member of the charged conspiracy, but only that Mr. Abrego purportedly invited her on smuggling trips.

And even assuming that demonstrating the defendant's "close relationship" with a government witness not involved in the charged crime is a proper Rule 404(b) purpose, the evidence the government seeks to introduce would not be probative of a close relationship between Mr. Abrego and Witness-1. The government's two screenshots depict only six messages exchanged between "soytugaa" and Witness-1 from November to December 2020, and the government does not have other records of messages between Witness-1 and Mr. Abrego, even assuming the "soytugaa" account belonged to him. That two individuals might have exchanged a handful of messages on the internet in a one-month period is hardly probative of a relationship that is so close or trusting that one of the participants might invite the other to join in on criminal activity. Witness-1's proposed testimony fares no better. The government seems to suggest that requesting and sending pornographic images would be indicative of a relationship of trust between two individuals, but that argument falls flat here because the pornography that was allegedly exchanged between Mr. Abrego and Witness-1 featured *third-party adults*—not either of them. That the "soytugaa" user allegedly requested pornographic images of Witness-1, purportedly a minor at the time, does not demonstrate that they had a particularly close or trusting relationship. Indeed, Witness-1 never sent any such images of herself in response to that alleged request.

### 3. The Pornographic Messages Are Unfairly Prejudicial

Finally, the alleged pornographic messages are inadmissible under Rule 404(b) because, even assuming they were somehow probative of the closeness of Witness-1 and Mr. Abrego's relationship, that would be substantially outweighed by the danger of unfair prejudice to Mr. Abrego. The government advances no argument under this third step of the Rule 404(b) analysis, except to state in conclusory fashion that "the messages would clearly not be excluded

8

under a Rule 403 analysis. The probative value is not substantially outweighed by unfair prejudice to the Defendant." (Dkt. 223 at 9). That is not enough.

The Sixth Circuit has instructed trial courts that it is their "duty…to apply Rule 404(b) correctly and, before admitting such evidence, to decide carefully whether it will be more substantially prejudicial than probative." *Bell*, 516 F.3d at 444 (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994)). Prior-acts evidence poses a risk of unfair prejudice when it "so shocks the conscience that the jury may decide that the defendant is a bad person and deserves to be convicted, even if his guilt were unproven in the instant case, 'because a bad person deserves punishment.'" *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020) (quoting *United States v. Asher*, 910 F.3d 854, 861-62 (6th Cir. 2018)). "[A] jury is more likely to engage in this type of judgment when the prior-conduct evidence portrays the defendant as having committed an appalling act." *Id.* (quoting *Asher*, 910 F.3d at 862).

That danger is no doubt present here. Allegations that Mr. Abrego solicited nude images from a minor are lurid and extraordinarily inflammatory, particularly in a case that charges human smuggling. And such sensational evidence is likely to distract the jury.[3] Indeed, the Sixth Circuit has recognized the significant danger of prejudice of prior-acts evidence that is "more lurid and…more interesting than the evidence surrounding the actual charges," because "[a]ny jury will be more alarmed and disgusted by the prior acts than the actual charged conduct." *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007). Even messages containing adult pornography exchanged by Witness-1 and "soytugaa" would be extremely prejudicial. Multiple courts have recognized the inflammatory nature of adult pornography and have excluded such evidence as unfairly prejudicial,

---

[3] The likelihood of distraction and prejudice is especially great here where these Snapchat messages are the *only* documented record of purported interactions the government appears to have between Mr. Abrego and Witness-1.

9

even in cases involving sex crimes. *See United States v. Frank*, No. 04-CR-20778, 2006 WL 8434880, at *3 (S.D. Fla. Nov. 16, 2006) (excluding naked photos of defendant with consenting adults where case concerned whether defendant had sexual relations with minors); *United States v. Nosov*, 221 F. Supp. 2d 445, 450–51 (S.D.N.Y. 2002) (collecting cases), *aff'd*, 119 F. App'x 311 (2d Cir. 2004); *see also United States v. Santiago*, 477 F. App'x 922, 927 (3d Cir. 2012) ("Evidence of…viewing pornography would likely inflame the jury."). Of course, Mr. Abrego is not charged with any sex crimes. Where, as here, the prior acts are "so unrelated to the charged offense that [they] create[] too much of a risk that the jury will generalize from prior examples of bad character" and "may lure the jury into making its determination of guilt or innocence on proof unrelated to the [charged crime]," such evidence should be excluded. *Clay*, 667 F.3d at 697.

Indeed, the government's own statements crystallize its true purpose in admitting this evidence: to prove up Mr. Abrego's alleged bad character. As Homeland Security Secretary Kristi Noem has stated: "[Mr. Abrego] is someone who trafficked individuals and even solicited minors for nude pictures and for pornography. He's a horrible individual who needs to be held accountable for his crimes."[4] The government seeks to use Witness-1's testimony to prove that Mr. Abrego is a "child predator" who "will never be loose on American streets,"[5] not for any permissible purpose under the Federal Rules of Evidence.

---

[4] Sam Barron, *Noem to Newsmax: Hold 'Horrible Individual' Abrego Garcia to Account*, Newsmax (Aug. 25, 2025), https://www.newsmax.com/politics/kristi-noem-abregogarcia-ms/2025/08/25/id/1223895/.

[5] Homeland Security (@DHSgov), X (Oct. 1, 2025, 7:49 p.m.), https://x.com/DHSgov/status/1973535704337486011.

## **CONCLUSION**

For the foregoing reasons, the Court should exclude evidence of alleged pornographic messages exchanged between Mr. Abrego and Witness-1.

Dated: December 4, 2025
      New York, New York

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102.

/s/ Sean Hecker