UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:25-CR-00115 |
| | ) JUDGE CRENSHAW |
| KILMAR ABREGO GARCIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**United States of America's Memorandum of Law on the
the Court's Sealed Memorandum Opinion and Order**

The United States submits this filing in response to the Court's December 10, 2025, Order (Doc. No. 260) requiring the parties to "file their position with a supporting memorandum of law whether the" December 3, 2025, Memorandum Opinion and Order (Doc. No. 241) (the "Sealed Order") "should remain under seal." Doc. No. 260.

The United States recognizes that there is a "'strong presumption in favor of openness' as to court records," *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)), and does not object to the Court's unsealing of the Sealed Order as long as the Court makes limited redactions to protect statements that are subject to the attorney-client privilege and work-product and deliberative-process components of the executive privilege.[1] Although the United States has provided the privileged documents to Defendant, these privileges persist to all others.

---

[1] Concomitantly, the United States submits under seal a copy of the Sealed Order with proposed redactions. The Court did not order the parties to consider the unsealing of the privileged documents it ordered produced in the Sealed Order, the United States' Motion for Partial Reconsideration (Doc. No. 245), or Defendant's Opposition (Doc. No. 247) thereto. The United States would not object to the unsealing of these documents and filings with limited redactions, proposed by the United States, similar to those proposed here.

Furthermore, if the Court were to decline those proposed redactions, the United States would oppose unsealing and ask that the Court delays unsealing to permit the United States to consider filing a motion or appeal.

**Legal Standard**

Because the Sixth Circuit recognizes a "'strong presumption in favor of openness' as to court records," *Shane Group*, 825 F.3d at 299 (citation omitted), a seal should be narrowly tailored to serve the reason for sealing. *Veritas Indep. Partners LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-CV-769, 2022 WL 1656758, at *5 (S.D. Ohio May 25, 2022) (quoting *Shane Group*, 825 F.3d at 305). The presumption of openness can be overcome when there is a "compelling reason why certain documents or portions thereof should be sealed." *Id.* (quoting *Shane Group*, 825 F.3d at 305). Privileged information typically overcomes this presumption. *See id.* (citing *Shane Grp.*, 825 F.3d at 308) (granting motion to seal in civil case because information was protected by the attorney-client privilege); *see also United States ex rel. Felten v. William Beaumont Hospitals*, No. 2:10-cv-13440, 2021 WL 915624, at *1–2 (E.D. Mich. Mar. 10, 2021) (unsealing some documents with redactions to protect attorney-client privilege and work product). Courts may delay unsealing to avoid inadvertently making privileged material public and to allow time for reconsideration or an appeal. *Id.* at *2 ("To be safe, the Court will keep these filings sealed on the dockets for the next thirty days.").

**Analysis**

The Court should unseal the Sealed Order after making limited redactions to protect privileged communications between Department of Justice attorneys.[2] If the Court declines to

---

[2] While the United States does not object to the Court unsealing the Sealed Order (subject to the proposed redactions), the United States respectfully disagrees with any implication that the decision to prosecute Defendant was not made locally and that the documents the United States
2
Case 3:25-cr-00115   Document 265   Filed 12/17/25   Page 2 of 8 PageID #: 4541

make these redactions, the Court should ensure its order provides the United States sufficient time to seek reconsideration or an appeal.

The proposed redactions are necessary because the redacted material is strategic legal advice between attorneys in anticipation of a charging decision and trial. It is therefore protected by the (1) attorney-client privilege, (2) work-product doctrine, and (3) deliberative-process privilege:

*First*, the proposed redacted material is protected by the attorney-client privilege because it is confidential legal advice shared between Department of Justice attorneys in their official capacity. *See Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998) (describing the elements of attorney-client privilege);[3] *see also Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("The lawyer-client privilege rests on the need for the advocate and counselor to know all that refers to the client's reasons for seeking representation if the professional mission is to be carried out." (citation omitted)). It pertains to the timing of forthcoming charges, which is necessarily intertwined with core aspects of prosecutorial strategy, including the strength and posture of the

---

produced show otherwise. The United States has previously stated that its "voluminous production shows nothing other than appropriate oversight by the Office of the Deputy Attorney General over a matter that naturally involves multiple agencies and DOJ components, including several U.S. Attorney's Offices. This oversight was all the more proper given the sensitive nature of Defendant's return from El Salvador and suspected connections with a designated Foreign Terrorist Organization." Doc. No. 263, at 2.

[3] In the Sixth Circuit, the elements of the attorney-client privilege are: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed*, 134 F.3d at 355–56 (quoting *Fousek v. White*, 965 F.2d 126, 129 (6th Cir. 1992)). When the United States invokes the attorney-client privilege, the United States is the "client." *See* Michael Stokes Paulsen, *Who Owns the Government's Attorney-Client Privilege?*, 83 Minn. L. Rev. 473, 474 (1998); *see also Ross v. City of Memphis*, 423 F.3d 596, 600–03 (6th Cir. 2005) (holding that a municipal corporation, as a governmental entity, may invoke the attorney-client privilege).

evidence. And, indisputably, this advice was shared in confidence between and among Department of Justice attorneys in their official capacity.

*Second*, the proposed redacted material is protected by the work-product doctrine because it reflects an attorney's "mental impressions, conclusions, opinions, or legal theories" made in anticipation of trial. *See* Fed. R. Evid. 502(g)(2) ("'[W]ork-product protection' means the protection that applicable law provides for tangible material . . . prepared in anticipation of litigation or for trial."); *see also Hickman v. Taylor*, 329 U.S. 495, 510 (1947) (establishing the work-product doctrine); *Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1307 (D.C. Cir. 1997) (explaining that "[o]pinion work product is . . . virtually undiscoverable"). Again, Department of Justice attorneys' thoughts on the nature and timing of an indictment reveal their mental impressions and legal opinions and are therefore opinion work product.

*Third*, the proposed redacted material is protected by the deliberative-process privilege because it is an internal discussion, recommendation, or opinion within the Department of Justice that is pre-decisional and deliberative. *See In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) ("The most frequent form of executive privilege raised in the judicial arena is the deliberative process privilege; it allows the government to withhold documents and other materials that would reveal 'advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" (citations omitted)). Indeed, this material specifically pertains to the nature and timing of a charging decision—which is necessarily discretionary and dependent on the attorneys' mental impressions about the sufficiency of the evidence and other strategic considerations. *See Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Just.*, 45 F.4th 963, 973 (D.C. Cir. 2022) ("[S]everal decisions have held that prosecutors' notes and internal communications about whether to file charges are exempt from

disclosure under the deliberative-process privilege." (citations omitted)); *Gov't Accountability Proj. v. U.S. Dep't of Just.*, 852 F. Supp. 2d 14, 26 (D.D.C. 2012) (collecting cases in support of the proposition that "courts have concluded that documents prepared in similar circumstances" involving prosecution decisions "were appropriately withheld pursuant to the deliberative process privilege").

\* \* \*

The United States has not waived its privilege over any of the documents it produced to the Court for *in camera* review or Defendant pursuant to Court's order.[4] *See* Doc. No. 241, at 5–7. While, unlike the attorney-client privilege, the work-product and deliberative-process components of the executive privilege may be overcome by a showing of undue hardship and manifest need in limited circumstances, that showing is limited to the party seeking discovery. It does not follow that the privileged documents and communications must be made public. Here, although the Court determined that Defendant has shown a need for the privileged documents to support his vindictive- and selective-prosecution defense, Doc. No. 241, at 7, this basis for vitiating the privilege does not extend to public disclosure. *Cf. FCC v. Grolier Inc.*, 462 U.S. 19, 27 (1983) ("It is not difficult to imagine litigation in which one party's need for otherwise privileged documents would be sufficient to override the privilege but that does not remove the documents from the category of *normally* privileged."); *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267–68 (2021) (explaining that agency documents and communications that are pre-decisional and related to the thought process of executive officials are exempt from public disclosure).

---

[4] As the United States explained in its Motion for Partial Reconsideration (Doc. No. 241), the United States did not ask the Court to reconsider its order requiring the United States to produce Abrego-Garcia000060 to Defendant because the Court's quotations of the privileged material in the Sealed Order would have made reconsideration futile. *See* Doc. No. 245, at 1 n.2.

The proposed redactions serve the United States' compelling interest in protecting its agencies' decision-making processes and permitting government attorneys to have open, frank communications about legal issues. Disclosure of information protected by the attorney-client privilege "creates the risk that agency clients may feel constrained from reaching out to legal counsel for required legal advice due to fear of public disclosure," and this "chilling effect would render it more difficult for agency attorneys to provide sound legal support and advice, which would inhibit the proper functioning of governmental departments." *Pub. Citizen, Inc. v. Dep't of Educ.*, 388 F. Supp. 3d 29, 43 (D.D.C. 2019). Furthermore, the disclosure of material subject to the deliberative-process privilege "could cause harm by providing the public with erroneous information," *Am. Fed'n of Gov't Emps., AFL-CIO, Loc. 1164 v. HHS*, 63 F. Supp. 2d 104, 108 (D. Mass. 1999) (citing *Providence Journal Co. v. U.S. Dep't of the Army*, 981 F.2d 552, 559 (1st Cir. 1992)), and "discourage candid discussion and effective decisionmaking." *Lahr v. NTSB*, 569 F.3d 964, 983 (9th Cir. 2009). Accordingly, the United States proposes limited redactions that are tailored as narrowly as possible to combat this significant risk of harm to the Department of Justice's internal deliberations and protect the separation of powers between the Executive and Judicial Branches.

While the United States does not object to unsealing the Sealed Order, the United States respectfully asks that, if the Court rejects the proposed redactions, the Court implements its order carefully to afford the United States the opportunity to seek reconsideration or an appeal. *See Felten*, 2021 WL 915624, at *2 (unsealing documents but providing thirty-day period for them to remain sealed). The United States recognizes that the Court proceeded judiciously throughout discovery by conducting preliminary *in camera* review of the privileged materials and issuing a

protective order, *see* Doc. No. 186; Doc. No. 260; Joint Protective Order, Doc. No. 77, and the United States asks for similar consideration here.

The Court should unseal the Sealed Order only after making the proposed redactions. In the event the Court declines to make the proposed redactions, the Court should ensure that it implements its unsealing order deliberately to provide the United States time to seek reconsideration and appeal.

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC  20530


*/s/ Robert E. McGuire*
Robert E. McGuire
Acting United States Attorney
719 Church Street, Suite 3300
Nashville, TN  37203

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel of record via CM/ECF on December 17, 2025.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.