UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| KILMAR ARMANDO ABREGO GARCIA | ) | |
| Defendant. | ) | |

## ORDER

By Order entered December 10, 2025, (Doc. No. 260), the parties have offered their respective positions on whether the Memorandum Opinion and Order entered on December 3, 2025 ("December 3 Decision"), (Doc. No. 241), should remain under seal. (Doc. Nos. 264, 265). Relying upon the attorney-client privilege and work-product and deliberative-process protections, the government seeks redactions to the December 3 Decision before it is unsealed. In response, Kilmar Armando Abrego Garcia ("Abrego") relies on the "long-established legal tradition" of the "presumptive right of the public to inspect and copy judicial documents and files" in asserting that the December 3 Decision should be disclosed publicly in full. In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983); (see Doc. No. 264 at 1).

This Court has twice considered and rejected the government's reliance upon privileges and protections to preclude or limit discovery on Abrego's motion to dismiss. (See Doc. Nos. 185, 241). First, when the Court granted Abrego's motion to compel, it explained why the various executive privileges must yield to Abrego's due process right to a non-vindictive prosecution. (See Doc. No. 185 at 3–7). Second, after the Court accepted the government's invitation for an *in camera* review of over 3,000 documents produced by the government, the Court again rejected the

argument that various privileges preclude or limit the disclosure of a sub-set of those documents. (See Doc. No. 241 at 8). In doing so, the Court specifically cited and relied upon the Sixth Circuit decisions in United States v Adams, 870 F.2d 1140 (6th Cir. 1989) and United States v. Zakhari, 85 F. 4th 367 (6th Cir. 2023). In both cases, the Sixth Circuit approved of narrow discovery prior to the evidentiary hearing on vindictive prosecution. Adams, 870 F.2d at 1146; Zakhari, 85 F. 4th at 381. Despite this, the government continues to rely on those same privileges in its attempt to limit public disclosure of the December 3 Decision. It does so without any acknowledgment of, or counter-argument to, the Court's privilege analysis or the Sixth Circuit cases cited by the Court.

Accordingly, the Memorandum Opinion and Order (Doc. No. 241) will remain under seal until noon on **December 30, 2025**, at which time the Clerk shall make it available for public inspection.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE