IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.

KILMAR ARMANDO ABREGO GARCIA,

*Defendant.*

No. 3:25-cr-115

Judge Waverly D. Crenshaw, Jr.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF KILMAR ABREGO GARCIA'S MOTION FOR SANCTIONS FOR GOVERNMENT'S VIOLATION OF THE COURT'S ORDER ON EXTRAJUDICIAL STATEMENTS**

Once again, the government has responded to a Court order with which it disagrees by pretending it doesn't exist. Mr. Abrego moved for sanctions based on senior DHS official Gregory Bovino's flagrant violation of this Court's October 27 Order (Dkt. 183, the "Order") governing extrajudicial statements relating to this case. (Dkt. 271). The government's brief opposing that motion largely ignores the Order. The government focuses instead on the underlying Local Rule—which it claims is inapplicable—and contends, frivolously, that Mr. Bovino's highly prejudicial, inflammatory statements were necessary to "protect" *the government* from recent public statements made in connection with Mr. Abrego's immigration proceedings. (Dkt. 282 at 4).

The government begins by asserting that "Local Criminal Rule 2.01 does not apply to Mr. Bovino." (*Id.* at 5). This Court resolved that argument in its October 27 Order, holding that Local Criminal Rule 2.01(a)(4) applies to "governmental agency employees" such as Mr. Bovino (Dkt. 183 at 1; *see also* Dkts. 94, 98) and placing "[e]mployees of DOJ and DHS…on notice that they are prohibited from making any 'extrajudicial statement…that the [individual] knows or reasonably should know will be disseminated by public communication that will have a substantial likelihood of materially prejudicing [this proceeding]'" (Dkt. 183 at 2 (quoting L. Crim. R. 2.01(a)(1))). The government largely ignores that Mr. Bovino's statements independently violated the Order. And in any case, neither he nor the government was free to simply disregard that clear Order based on their disagreement with it. If they wished to be relieved from the Court's restrictions on Mr. Bovino and other DHS officials, their remedy was to seek reconsideration of that Order or to appeal it. The government plainly understood this, as it in fact sought partial reconsideration of the Order, albeit on unrelated grounds. (*See* Dkt. 218). But the government declined to seek reconsideration of, or object to, the Court's ruling that the Local Rule's restrictions apply to all "employees of…DHS" (Dkt. 183 at 2)—which includes Mr. Bovino. The

1

government's disregard of the Order is only the latest example of its improper efforts to relitigate the Court's rulings by pretending they do not exist. (*See, e.g.*, Dkt. 280 at 1-2 ("This Court has twice considered and rejected the government's reliance upon privileges….")).[1]

Next, the government argues that Mr. Bovino's statements are permissible under Local Criminal Rule 2.01(a)(3)'s exception for "a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client." (*See* Dkt. 282 at 6).[2] But Mr. Bovino is no lawyer. Even if he were, generalized comments made by Mr. Abrego about the injustice of his unlawful deportation and the government's continued efforts to detain him do not entitle the government to smear him as "an MS-13 gang member" and "a wife-beater," to declare that he is guilty of being "an alien smuggler," or to describe judges as "activist" and "extremist."[3] Statements by CASA volunteers, United States Congressmen, and Mr. Abrego's civil attorneys do not violate Local Criminal Rule 2.01(a) or the October 27 Order because they are not "partners and employees" of "the law firm and government agencies or offices" involved in this case, L. Crim. R. 2.01(a)(4), and are therefore not subject to the Rule. Nor did the vast majority of their commentary—which

---

[1] The government's unwillingness to acknowledge that Mr. Bovino is subject to this Court's Order only underscores the open question of whether the government shared that Order with Mr. Bovino, as it was ordered to do by this Court. (Dkt. 183 at 1; Dkt. 222).

[2] The government accuses Mr. Abrego's attorneys in this case of "play[ing] fast and loose with the rules" by overlooking a redaction of a sentence quoting this Court's then-sealed discovery opinion and order. (Dkt. 282 at 3). But a minor redaction error (which Mr. McGuire is well-aware defense counsel promptly took steps to correct, as he was copied on counsel's correspondence with Court staff) is a distraction from and certainly not equivalent to Mr. Bovino's purposeful and inflammatory statements about Mr. Abrego.

[3] *Border Patrol Chief Gregory Bovino Says Cooperation with Local Law Enforcement Makes Justice Easier to Achieve*, Fox News (Dec. 12, 2025), https://www.foxnews.com/video/6386418503112 (hereinafter Fox News Interview); Video posted by Aaron Rupar (@aaron.rupar), X (Dec. 14, 2025), https://www.threads.com/@aaron.rupar/post/DSQB_tMCfE8/video-bovino-on-abrego-garcia-when-he-becomes-deportable-he-is-going-to-get-deported (hereinafter NewsMax Interview).

expressed their views about the administration's immigration policies and injustices inflicted on Mr. Abrego in connection with his immigration proceedings—concern this criminal case. And to the extent any of their or Mr. Abrego's statements touched on the government bringing charges against him after he was unlawfully removed, Mr. Abrego, as a "criminal defendant awaiting trial in a controversial case," has a strong interest in "replying to the charges and to the associated adverse publicity" created by the government. *See United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987); *see also id.* at 600 ("To the extent that publicity is a disadvantage for the government, the government must tolerate it."). If the government incorrectly thought the Rule was violated, its remedy was to file its own motion, not to have a senior official engage in bad-faith self help. The government knows better, even if its hyperbolic opposition suggests otherwise.

Nor, in any event, can Mr. Bovino's statements seriously be characterized as ones "that a reasonable lawyer would believe [are] required to protect a client from the substantial undue prejudicial effect of recent publicity" or "limited to such information as is necessary to mitigate the recent adverse publicity." L. Crim. R. 2.01(a)(3).[4] Far from being "meek," as the government ludicrously characterizes them (Dkt. 282 at 7), Mr. Bovino's statements include descriptions of Mr. Abrego as "an MS-13 gang member…ready to prey on Americans yet again," "a wife-beater," "an alien smuggler," and someone who "wants to…leech off the United States."[5] Mr. Bovino went on to describe the judges presiding over Mr. Abrego's civil and criminal cases as "activist" and "extremist."[6] Indeed, the government doubled down on those baseless accusations—and again

---

[4] The government attempts to minimize the seriousness of Mr. Bovino's statements by stating that Mr. Bovino "did not reference [Mr. Abrego] by name" and "does not have editorial control of news chyrons" fall flat. (Dkt. 282 at 4 & n.10). Mr. Bovino's statements were made in response to questions about Mr. Abrego, used terms that clearly reference Mr. Abrego (such as "Maryland Dad") and, in context, unmistakably refer to Mr. Abrego.
[5] Fox News Interview, *supra* note 3; NewsMax Interview, *supra* note 3.
[6] Fox News Interview, *supra* note 3; NewsMax Interview, *supra* note 3.

violated the Order—when it complained publicly about Mr. Abrego's motion. On December 27, 2025, DHS Assistant Secretary for Public Affairs Tricia McLaughlin shared a post on X stating: "MS-13 terrorist Kilmar Abrego Garcia was released by a rogue judge and is now making TikToks."[7] Ms. McLaughlin added: "So we, at @DHSgov, are under gag order by an activist judge and Kilmar Abrego Garcia is making TikToks. American justice ceases to function when its arbiters silence law enforcement and give megaphones to those who oppose our legal system."[8] Neither Mr. Bovino's nor Ms. McLaughlin's statements "protect" the government—they defame Mr. Abrego, this Court, and the Federal District Court for the District of Maryland.

Finally, the government asserts that "[e]xtending Local Criminal Rule 2.01 to Mr. Bovino would raise grave constitutional concerns." (Dkt. 282 at 7). In this, too, the government ignores that the Court has already considered the government's First Amendment arguments—with respect to statements made by the Secretary of Homeland Security and Attorney General, no less—before issuing its October 27 Order. (*See* Dkt. 149 at 2-4). As the Court has recognized, Local Criminal Rule 2.01 is consistent with the First Amendment because it "restrains speech that may pose a clear and present danger to a fair trial by an unbiased jury." (Dkt. 182 at 5-6 (quoting *Ford*, 830 F.2d at 598)); *see Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1074-75 (1991) (state bar rule analogous to Local Rule 2.01 does not violate the First Amendment). The Rule narrowly prohibits statements, like those made by Mr. Bovino, about Mr. Abrego's "character or reputation" and "guilt or innocence" that pose a "clear and present danger to [his] fair trial rights." (Dkt. 182 at 7).

And the record demonstrates that no less restrictive alternatives than enforcing the Local Rule against Mr. Bovino would serve to protect Mr. Abrego's right to a fair trial. The Court has

---

[7] Tricia McLaughlin (@TriciaOhio), X (Dec. 27, 2025, at 2:44 p.m.), https://x.com/TriciaOhio/status/2005001843664191934 (reposted from Benny Johnson (@bennyjohnson)).
[8] *Id.*

taken a series of carefully measured steps, cautioning the parties to comply with the Rule since July and seeking voluntary compliance by requesting that the October 27 Order be disseminated to DHS employees—all to no avail, necessitating the defense's motion for sanctions. (*See* Dkt. 271 at 2-4). The government has, time and again, trampled over the Court's commendably measured efforts to protect Mr. Abrego's fair-trial right. But enforcing Local Rule 2.01 against Mr. Bovino and ordering the government to respond to the questions outlined in the defense's motion would not infringe the "separation of powers," as the government contends (Dkt. 282 at 10). The government's assertion that "the Judicial Branch…may not direct Executive Branch speech" because it is "not politically accountable to the electorate" (Dkt. 282 at 7 n. 14) might make for good press sound bites but ignores settled Supreme Court precedent that courts have "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity," *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979); *see Sheppard v. Maxwell*, 384 U.S. 333, 361, 363 (1966), and are equipped to strike a "constitutionally permissible balance" between the First Amendment and the right to a fair trial, *Gentile*, 501 U.S. at 1075, as this Court has done.

The relief Mr. Abrego seeks is all the more necessary now, in light of Ms. McLaughlin's additional violation of the Order. The Court should grant Mr. Abrego's requests that the government be ordered to disclose (1) whether and how the prosecution provided relevant DHS employees with a copy of the Order, (2) who authorized Mr. Bovino and Ms. McLaughlin to speak about Mr. Abrego's case, and (3) what guidance that person or persons gave Mr. Bovino and Ms. McLaughlin about what they could and could not say on national television or social media, as well as all communications between counsel for the government and Mr. Bovino, Ms. McLaughlin, or DHS regarding Mr. Bovino's and Ms. McLaughlin's statements, including any attempts to obtain a retraction or apology, so that the Court may determine the appropriate course of action.

5

Dated: December 31, 2025  
      New York, New York

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker*
Jenna M. Dabbs*
David Patton*
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
jdabbs@heckerfink.com
dpatton@heckerfink.com

* admitted *pro hac vice*

Rascoe Dean (No. 034209)
SHERRARD ROE VOIGT & HARBISON PLLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Fax: (615) 742-4539
rdean@srvhlaw.com

*Counsel for Defendant Kilmar Armando Abrego Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: Acting United States Attorney, Robert E. McGuire, 719 Church Street, Suite 3300, Nashville, Tennessee 37203; Assistant United States Attorney, Jason Harley, 210 Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102; Associate Attorney General Stanley E. Woodward, Jr., 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

/s/ Sean Hecker