# EXHIBIT B


---

The Associate Attorney General        *Washington, D.C. 20530*

November 17, 2025

**BY EMAIL**

Stanley E. Woodward, Jr.
Associate Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530
stanley.woodward@usdoj.gov

RE: *United States v. Abrego Garcia*, No. 3:25-cr-115

Dear Mr. Hecker:

I write in response to your letter dated Nov. 7, 2025.[1] In that letter, you demand that the United States share with Mr. Abrego Garcia not only the documents that the Court ordered produced subject to preliminary *in camera* review, but also a "memorialization of [the United States'] collection and methods" to double-check the United States' efforts to comply with the Court's October 27, 2025, Order[2] relating to Mr. Abrego Garcia's Motion to Dismiss for Vindictive and Selective Prosecution.[3]

Your request impugns the integrity of the United States by assuming bad faith and attempts to morph the Court's Order for preliminary review into a license to scrutinize the Government's sensitive investigatory and prosecutorial processes *carte blanche*—all before the Court has determined whether discovery is appropriate in the first instance. Mr. Abrego Garcia is not entitled to superintend the United States' production methods or exploit the Court's authority to enforce its orders. The United States will demonstrate to the Court—not Mr. Abrego Garcia—that it is complying with the Court's Order in good faith.

The United States therefore objects to your requests. However, in the spirit of cooperation and without waiving any objections, the United States will provide a privilege log of the documents it provided to the Court for *in camera* review.

Your other requests sweep far beyond the four corners of the Order. Mr. Abrego Garcia cannot compel the United States to disclose sensitive deliberations to include a demand that we compile

---

[1] Letter regarding *United States v. Abrego Garcia*, No. 3:25-cr-115 (M.D. Tenn.), dated Nov. 7, 2025.

[2] ECF No. 186.

[3] ECF No. 111.

lists of agency decisionmakers, attorneys, and law enforcement officers who may have had tangential involvement in any decision to prosecute Mr. Abrego Garcia for human trafficking crimes relating to his alleged involvement in MS-13.[4] Such a request is nothing more than a fishing expedition and is all the more egregious because it attempts to take advantage of the Court's Order for *preliminary* review and transform an *in camera* proceeding into a public spectacle.

Nor can Mr. Abrego Garcia compel the United States to produce "detailed explanations" about the means or "search terms" it used to comply with the Court's Order. Those explanations and terms necessarily implicate elements of the United States' litigation strategy and internal government processes and are therefore protected by the work-product doctrine and deliberative-process privilege.[5]

And unlike the movants in the Eastern District of New York civil case you selectively cite, Mr. Abrego Garcia is not "entitled [by court order] to know the methodology and manner of the ESI production undertaken by" the United States.[6] Quite the opposite: The Court here ordered the United States to deliver responsive documents to the Court under seal for *in camera* review and did not take the extraordinary step of requiring a public explanation of how the United States is complying with an *in camera* process.[7] Nor did the Court request such an explanation of compliance with its own Order.

In any event, without waiving any objections, the United States will provide a privilege log that includes a brief description of each document produced to the Court for *in camera* review and, where applicable, the privilege asserted.

Respectfully,

Stanley E. Woodward, Jr.
Associate Attorney General

---

[4] *See* Indictment, ECF No. 3.

[5] *See* S. Grammel, Comment, *Protecting Search Terms as Opinion Work Product: Applying the Work Product Doctrine to Electronic Discovery*, 161 U. PENN. L. REV. 2064, 2082 (discussing *Sporck v. Peil*, 759 F.2d 312, 314 (3rd Cir. 1985) ("[T]he selection and compilation of documents by counsel … in preparation for pretrial discovery fails within the highly-protected category of opinion work product."); *cf. Nat'l Sec'y Couns. v. CIA*, 206 F. Supp. 3d 241, 275 (D.D.C. 2016) (explaining that regarding the Freedom of Information Act, "both the search terms and results of the agency's preliminary searches in connection with the relevant FOIA requests is easily characterized as predecisional" and therefore protected by the deliberative-process privilege).

[6] *Ferring v. Fera Pharms., LLC*, No. 13-cv-4640, 2016 WL 5396620, at *3 (E.D.N.Y. Sept. 27, 2016).

[7] ECF No. 186.