IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:25-cr-00115 |
| | ) | |
| | ) | JUDGE CRENSHAW |
| | ) | |
| KILMAR ARMANDO ABREGO GARCIA | ) | |

### RESPONSE TO DEFENDANT'S MOTION REGARDING *JENCKS* MATERIAL AND RULE 26.2 MATERIAL

COMES NOW the United States of America, by and through Stanley E. Woodward, Jr., Associate Attorney General, Braden Boucek, United States Attorney, and First Assistant U.S. Attorney Robert E. McGuire and submits the following Response, pursuant to this Court's order (DE # 287) regarding the Defendant's Motion to Compel concerning the Jencks Act and Rule 26.2 material in advance of the evidentiary hearing scheduled on the Defendant's Motion to Dismiss. (DE # 286.)

Previously, Mr. McGuire indicated to the Court that he believed that either 18 U.S.C. § 3500 (commonly known as the *Jencks* Act) or Federal Rule of Criminal Procedure 26.2 may apply to some materials related to potential witnesses the United States expected to call at the upcoming evidentiary hearing. That assessment, offered in good-faith but with an honest misunderstanding of the application of law that may apply, was largely based on the fact that these kinds of hearings are exceedingly rare, there is little case law on these kinds of unusual hearings, and the regular Rule 16 discovery rules do not apply, something the Court has also previously noted. (DE # 206, Page ID # 1954.)

However, additional review of the statute, procedural rule, and applicable case law illustrate clearly that the Jencks Act nor Rule 26.2 apply to the upcoming evidentiary hearing.

1

Because neither the Jencks Act nor Rule 26.2 apply, the United States is, therefore, not required to provide any pre-hearing disclosure of any previous statement made by any witness the United States intends to call at the hearing. Further, the United States still submits that any statements, emails, and text messages about the subject of the potential witnesses' testimony – which involved discussions about an investigation and potential charging decision in a criminal case – and that have not already been produced pursuant to these proceedings, would be protected by one or more applicable privileges. The Court has already reviewed the universe of potentially responsive documents and concluded they were not discoverable.[1]

As a general proposition, the defendant bears the burden of proving that "a 'statement' for the purposes of the Jencks Act exists and is covered by the Act's disclosure requirements." *United States v. Fletcher,* 295 F. App'x 749, 753 (6th Cir. 2008) (*citing United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979)). In *Fletcher*, the Sixth Circuit also notes that a trial court need not even conduct an *in camera* review unless the defendant meets the initial burden of showing the Jencks Act applies. *Id.* The United States respectfully submits that the Jencks Act does not apply to the upcoming hearing. Nor does defendant submit any case law to establish that it does apply, seemingly conceding the inapplicability of the Jencks Act here.

By its own terms, 18 U.S.C. § 3500 applies to witnesses who testify *at trial* and the Government's ultimate responsibility to provide documents is triggered only when a witness has testified on direct examination:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of

---

[1] Mr. McGuire's prior statement concerning the application of the Jencks Act or Rule 26.2 to the upcoming evidentiary hearing has no bearing on the correct application of relevant federal law and does not create a right to materials that otherwise does not exist in federal law.

2

subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case*.

18 U.S.C. § 3500(a) (emphasis added).

Of course, many courts—including this Court—routinely order the Government to produce "early" *Jencks* when a trial is imminent in an effort to conserve judicial resources and avoid delays that would come from the Government waiting until after a witness has testified before the jury to provide the materials the statute calls for. However, this Court has previously recognized that *Jencks* material, when provided prior to trial, is for use *at trial* (as opposed to being generally discoverable) and has gone so far as to order defense counsel to return *Jencks* material to the Government when a trial was continued after *Jencks* material was provided. *See United States v. Frazier*, 465 F. Supp. 3d 791 (M.D. Tenn. 2020).

Here, this Court has vacated the trial date, and a new trial date has not been set. (DE # 281.) This Court has also vacated all pre-trial deadlines. (DE # 285.) Therefore, there can be no argument that "early" *Jencks* is required as part of an orderly management of the trial itself. There is no concern about delays within the trial after Government disclosures of *Jencks* material because there is no trial date pending. Moreover, none of the witnesses that the Government intends to call at the upcoming evidentiary hearing would be witnesses at the trial of this case. Therefore, even if the provision of "early" *Jencks* material was to apply in this case—which, given there is no trial date pending, it should not—none of the witnesses who the Government would call at the hearing would be subject to a *Jencks* disclosure because they would not be trial witnesses. Therefore, the United States respectfully submits that the auspices of the Jencks Act, 18 U.S.C. § 3500, do not apply to the witnesses who would testify in the upcoming evidentiary hearing and the Defendant cites no case law to the contrary.

3

Rule 26.2 of the Federal Rules of Criminal Procedure extends the *Jencks* Act to certain pre and post-trial hearings. The Rule is very specific as to which types of hearings it applies:

> (g) Scope. This rule applies at trial, at a suppression hearing under Rule 12, and to the extent specified in the following rules:
>> (1) Rule 5.1(h) (preliminary hearing);
>>
>> (2) Rule 32(i)(2) (sentencing);
>>
>> (3) Rule 32.1(e) (hearing to revoke or modify probation or supervised release);
>>
>> (4) Rule 46(j) (detention hearing); and
>>
>> (5) Rule 8 of the Rules Governing Proceedings under 28 U.S.C. § 2255.

Fed. R. Crim. Proc. 26.2(g)

Here, the evidentiary hearing that the Court intends to conduct clearly does not fall into any of the specifically enumerated categories of Rule 26.2. It is not a suppression hearing, not a preliminary hearing, not a sentencing (but rather, it is a pre-trial hearing), the hearing does not involve revocation of post-conviction release (again, it is a pre-trial hearing), it is not a detention hearing, and the hearing is not one involving a § 2255 petition. The Rule could have been written to apply to *any* pre-trial or post-trial hearing in a criminal action at which testimony is offered, but it was not. Rather, the Rule was written to demarcate exactly when the Government would be responsible for providing pre-trial information to the defense. Therefore, the United States submits that an extension of the Government's responsibilities under Rule 26.2 to a non-enumerated pre-trial hearing would violate the Federal Rules of Criminal Procedure which limits the Government's responsibilities to provide pre-trial discovery to an explicit set of specific, enumerated instances. A diligent search by undersigned counsel has produced no cases that support the extension of Rule 26.2 to non-enumerated pre-trial hearings such as the one the Court intends to conduct here. The

4

defense cites no case law in their Motion that supports the proposition that Rule 26.2 should be extended to any hearing where testimony is taken.

To the contrary, the Sixth Circuit has been clear that pre-trial discovery of potential impeachment evidence is controlled by the *Jencks* Act: "In *United States v. Presser*, this court held that neither *Brady*, *Giglio*, nor Rule 16 gives a defendant the right to broad pre-trial discovery of impeachment evidence, the disclosure of which is instead controlled by the Jencks Act." *United States v. Musick*, 291 F. App'x 706, 727 (6th Cir. 2008) (citing 18 U.S.C. § 3500; *Presser,* 844 F.2d at 1282–85 (6th Cir. 1988)). In *Musick,* the Sixth Circuit made a similar observation about Rule 26.2: "Since Rule 26.2 was intended to provide a counterpart to the Jencks Act, any cases interpreting a provision of the Jencks Act should be applicable to a similar provision of Rule 26.2." *Id.* The United States submits that *Presser* and *Musick,* among other Sixth Circuit cases, stand for the proposition that the *Jencks* Act and Rule 26.2 mean what they say but no more. The *Jencks* Act and Rule 26.2 require the Government to provide information in relation to a witness testimony under certain circumstances, none of which are present here.

Nor should the Government be required to produce a privilege log delineating the more than 3,000 records provided to the Court for *in camera* review. Hypothetically, even were Rule 26.2 to apply to the upcoming evidentiary hearing—which, by the Rules' own terms, it does not—the Court has already reviewed the potential universe of records that could be considered *Jencks* materials and ordered all such relevant records produced. Rule 26.2(c) contemplates that if "the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement *in camera*." Specifically, the Court previously ordered the *in camera* production of:

> (1) all documents that reflect individuals who directed the Government's change in position from "deport but not prosecute" to "prosecute and then

5

deport"; (2) all documents that reflect the circumstances that motivated that change in position; (3) any emails between the Deputy Attorney General's Office and the Office of the United States Attorney for the Middle District of Tennessee between March 24, 2025 and June 6, 2025, that the Government has apparently already identified; (4) emails or any other documents drafted by Ben Schraeder about the Abrego case that the Government has apparently already identified; and (5) all documents received or sent by HIS Baltimore Agent John VanWie between March 24, 2025 and June 6, 2025, that the Government has apparently already identified.

(DE #186). Given the nature of this proceeding, these records constitute the total universe of potential *Jencks* materials. Subsequently, the Court ordered the production of "documents that are relevant to the narrow issue of whether the government's new decision to prosecute Abrego, after deciding not to do so, 'was tainted by improper motivation' arising from Abrego's success in the Maryland civil case." (DE #241, #260). Accordingly, the Court has already ordered the production of all records that would arguably qualify as *Jencks* for purposes of this hearing and it is not necessary for the Government to provide the defendant with a privilege log delineating the records reviewed *in camera* by the Court pursuant to these proceedings.

Based on the foregoing, the United States respectfully submits that the Defendant's Motion to Compel should be denied.

Respectfully Submitted,

*/s/ Stanley. E. Woodward, Jr.*
Stanley E. Woodward, Jr.
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

*/s/ Robert E. McGuire*
ROBERT E. McGUIRE
First Assistant U.S. Attorney
719 Church Street, Suite 3300
Nashville, TN 37203

6